6  276
34a 439

MULDROW Plaintiff in error v. TAPPAN and others Def'ts in error.

A declaration in assumpsit must aver a promise on the part of defendant, and unless the liability of def't is shown, by proper averments, the defect is not cured by verdict.

Error to Marion county.

*Wright and Wells for Plaintiff in Error.*

1st. The declaration no where avers that there was an undertaking or promise, either express or implied, by the defendant to the plaintiff; the declaration was, therefore, bad, and the judgment should have been arrested: see 1 Chitty 329 and note. 2 Call 39. 3 Mum. 566. 2 Wash. 187. 2 Tucker 145.

2nd. The evidence showed a total failure of consideration; the verdict should, therefore, have been for the defendant; the verdict being wrong there should have been a new trial granted.

*Campbell and Glover for Defendants in error.*

<div style="float:right">

JUNE TERM.
1840

Muldrow
vs
Tappan et al.

</div>

1st. The promise is sufficiently charged in plaintiffs declaration. See Laws on pleading in assumpsit, 30–1. Ib 88, note 2. Ib 331. Chitty's pl. v. 1 ,p. 154, title bonds and notes, sec. 1. 4 Mo. Dec. 33.

2nd. The averment of performance, or readiness to perform, was not necessary, because the plaintiffs were not by the terms of the contract to do any thing till the payment of the money. Tucker Com. 2 vol. 145. Chitty Pl. v. 1, 358–9.

3rd. If any deficiency existed in the declaration it was cured by the verdict. 7 Johns rep. 111. 1 Wilson's R. 100. Chitty's Pl. vol. 1 p. 422–3. 2 Jacob's Law Dic. p. 54. 2 Tucker's Com. 146. Rev. Code Mo. 468. 4 Mo. Dec· 483. Ib. vol. 5 87.

4th. The verdict is according to the evidence in the case.

*Opinion of the Court delivered by M'Girk Judge.*

Arthur Tappan and others brought an action of assumpsit on a promissory note for one thousand dollars against William Muldrow. The defendant pleaded non assumpsit, and on this issue the parties went to trial; the plaintiff gave his note in evidence, and, thereon, the defendant had judgment against him for the thousand dollars and interest.— He then moved for a new trial which was refused. He then moved in arrest of judgment for defect in the declaration, which the court over ruled. The defendant brought his cause here by writ of error, and assigns for error the defect in the declaration. The declaration begins by declaring that Arthur Tappan and others complain of William Muldrow of a plea of tresspass on the case on promises, for that whereas heretofore, to wit, on the 13th of May, 1835, at the county of Marion, in the State of Missouri, the said defendant did, by his certain writing which he signed and executed by the name of Will. Muldrow, contract and agree to and with the plaintiff in the words and figures following, to wit· Then follows a copy of the note or writing sued on. It is no where averred that the defendant promised any particular thing, but the note is set out without any averments ining a promise. In 1st Chitty's pl. 329 and

<div style="float:right">

A declaration in assumpsit must

</div>

JUNE TERM
1840.

Muldrow
vs.
Tappan et al.

aver a promise on the part of defendant, and unless the liability of def't is shown, by proper averments, the defect is not cured by verdict.

note 2, it is laid down, that the declaration must aver, or assert a promise on its face, or it must contain words equivalent to a promise. There is a case where the plaintiff shewed the defendants liability on a bill of exchange as drawn, but omitted to say that he promised, 1st Chitty pl. 330. This was, after verdict, holden good, see note 1, in the last page; but in this case, the plaintiff shows no liability. The regular mode to do l..e. is to aver that the defendant made his note or bond; by which he promised to pay the plaintiff so much money. at such a time. For this defect the judgment ought to have been arrested. The judgment is reversed with costs, and remanded for a new trial with leave to amend on payment of costs of amendment.