## MOORE & HUNT *vs.* PLATTE COUNTY.

1. In declaring on a written instrument the plaintiff must set out the legal effect of the instrument. It will not be sufficient for the plaintiff to state that the defendant made his certain writing obligatory, &c., and then set out a copy of the instrument, without stating that the same was made to the plaintiff.

2. A party cannot, in the same declaration, declare on two contracts, one made by all the defendants, and the other by one only of the defendants.

3. M., one of the defendants, contracted with the county of Platte to cover the court-house of said county with tin, the work to be done with good tin, and in the best manner, &c., for which M. was to receive $758. M., with the other defendants as his securities, entered into bond to the county for the faithful performance of the work in the sum of $1,570, "*not as a penalty, but as liquidated damages.* The court held that the sum mentioned in the bond, viz., $1,570, was to be considered as a penalty, and not as liquidated damages.

### APPEAL from Platte Circuit Court.

HAYDEN, *for Appellants.*

1. The declaration is radically defective, and shows no cause of action against the defendants. The bond sued on is not stated in the declaration to have been made to the plaintiff, or to any one acting as her agent, authorized to receive it for her, and therefore it does not appear that the supposed breaches of the condition of the bond could, or did, deprive her of anything to which she had title or right. — Perkins *vs.* Reed, administrator of Nash, &c., 8 Mo. Rep., 33 ; 6 *Ibid.*, 277, Muldron *vs.* Tappin, and authorities cited.

2. The demurrer of the plaintiff to the pleas of the defendants was improperly sustained by the court ; and as the declaration is defective, the judgment thereon ought to have been rendered for defendants : and, aside from the defect in the declaration, the said several special pleas respectively show a good bar to the plaintiff's right of recovery.

3. The court erred in permitting plaintiff to enter a discontinuance of his action as to defendant, John P. Hunt, after plea plead by him. — 1 Chitty, 599, title, " Pleas in bar by several defendants."

4. The court erred in permitting the plaintiff to give to the jury irrelevant and incompetent testimony, and testimony variant from the contract declared on ; and erred in refusing to permit the defendants to give the evidence proposed by them upon the trial.

5. The court gave to the jury, upon the motion of plaintiff, instructions against law, and erred in refusing to give to the jury the instructions asked by defendants.

The first instruction given to the jury, at the instance of plaintiff, was erroneous — because, although the jury might have found the deed read in evidence to be the deed of the defendants, yet it did not thence follow that they were bound to find for the plaintiff. The deed read in evidence by the plaintiff is variant from

the one described in the declaration, and the jury had a right to determine the question how far the deed read in evidence, though found to be the deed of the parties, corresponded with the one set out in the declaration.

The second instruction given for the plaintiff to the jury is erroneous in this: it requires the jury to find a verdict for the sum of fifteen hundred and seventy dollars in damages, as being stipulated damages; whereas, upon a fair and legal construction of the contract, the same can only be considered in the nature of a penalty, designed and intended by the parties to secure the performance of certain work to be done by defendants.    Whether a sum of money be intended as a penalty, when mentioned in agreements, to secure the performance of contracts, or other particular duties, or whether intended by the parties as *stipulated damages*, to be paid in lieu and in satisfaction of a thing agreed to be done or performed, must always depend upon the nature and object of the contract — taking into consideration the comparative value of the collateral thing or duty to be performed, with the amount of the sum named as a penalty, or as damages, stipulated to be paid in lieu of the thing or duty contracted.    If the collateral thing or duty covenanted to be performed, or done, be so much less valuable than the sum named as the penalty or stipulated damages, as would present a case of such excess over what would be legally right for the obligee to recover, in a suit for damages against the obligor, for a breach of his covenant for the performance of the thing or duty — whether the same be named as a penalty or as stipulated damages in the contract — as would induce a court to set aside a verdict, if found in damages for such breach of covenant, the law will, and ought, to consider the same as a penalty, and not as stipulated damages.    In this case the value of the collateral duty to be performed, according to the stipulated price to be paid as an equivalent, is the sum of $788.    The work is admitted by plaintiff to have been performed by William Moore; and yet, because not quite so well done as by covenant required, the plaintiff demands, and recovered judgment for *double the value* of the work, *as priced* by the parties in the contract, and is in possession and full enjoyment of the work *as done* by defendant, Moore. — 5 Cowen, 150, note *b*; 3 Johns. Cases, 297, Dennis *vs.* Cummins; 7 Johns. Rep., 72; Chitty on Contracts, 5th Amer. edit. from the 3d Lon. edit., corrected by Thompson, pp. 863–6, and authorites referred to; 3 Peters' Dig., 206, 207; 5 Cond. U. S. Rep., 210; Taylor *vs.* Standiford, 7 Wheaton, 13, same case; Digest of 1835, sec. 5–8, p. 431.

And the criterion of damages laid down in said second instruction, given at the instance of the plaintiff, is erroneous for another insuperable reason, to wit — the bond is a statutory bond, and is not warranted by the statute under which it was made : it was made by defendants to the county of Platte, under the provisions of the statute of this State, (title, " County Buildings," p. 148 of Digest, 1835,) by which said County Court was authorized to contract for the covering of the court-house, and to require of the undertaker, Moore, bond, with security, in a *penalty* in double the amount of the price agreed to be paid for the doing of the work; but she had no right, power, or authority to demand or require by the contract, by way of stipulated damages, a large sum of money in lieu of the roof.   She had no authority under the statute to fill her coffers, by way of speculation, out of the

pockets of the undertaker of her public buildings: she was, and is, limited by the statute to the right only of securing the performance of the thing contracted for by the penalty presented in the act; and in case of a non-compliance with the contract, to such damages for the breach of it as the actual damages sustained, and nothing more; and for anything further, the bond is void. — 1 Peters' Dig. U. S. Decisions, sec. 37, p. 374; Armstrong vs. The United States, Peters' Cir. Ct. Rep., 135; 1 Peters' Dig., sec. 49, p. 375; 4 Wash. Cir. Rep., 620, United States vs. Samuel and J. L. Howell.

LEONARD *and* BAY, *for Appellee.*

1. The breaches are properly assigned : the defendant, Moore, contracted to perform the work in the best manner, and with good materials, &c.; and the breach assigned is, that the work was not done in the " best manner," &c., but in an unworkmanlike manner, &c., and stating how the plaintiff was injured thereby. Besides, any defect or inaccuracy in assigning the breach is aided after verdict; for the court will intend, that damages could not have been given if a good breach had not been shown. — Thomas vs. Roosa, 7 Johns. Rep., 461 ; White vs Derrilt, 2 Hall, 405; Helm vs. Wilson, 4 Mo. Rep., 493.

2. The second, third, fourth and fifth pleas are bad, because —

1st: The second and third pleas are no answer to the breaches assigned. The question is not whether the defendant, Moore, performed the work, but whether he performed the same in the manner required by the terms of his contract.— 1 Chitty's Plead., 553, 554.

2d : The third plea tenders an immaterial issue.

3d: The fourth plea refers to the jury a matter of law.— 1 Chitty's Plead., 245; Bennett vs. Martin, 6 Mo. Rep., 460.

3. The evidence of Jesse Morin was properly admitted, because—

1st: He had no interest in the event of the suit.

2d : His evidence was not admitted for the purpose of varying or changing the terms of a written agreement, but for the purpose of showing that a pretended written agreement was not, in fact, the agreement of the parties; that no such agreement was made.—Chitty on Contracts, 90, 91 ; 3 Starkie's Ev., 1015.

4. The instructions asked by the defendants were wholly irrelevant to the issue.

Where issue is joined on the plea of *non est factum*, the only proof required on the part of the plaintiff is proof of the execution of the bond by the defendant. (Hutchinson vs. Kearns, 1 Selwyns' N. P., 589.) But in the case at bar, even this proof was not required; the plea was filed without affidavit, which dispenses with proof of the execution of the bond.—Rev. Stat., 1835, p. 463, title, " Practice at Law," 18th section of 4th article.

5. Where parties agree that a certain sum shall be paid, "*not as a penalty, but as liquidated damages,*" for the non-performance of a particular act, in regard to which damages, in their nature uncertain, may arise, such sum may, in case of default, be recovered as liquidated damages. (4 Burr., 222, 225; 3 Taunt., 469.) See Kemble vs. Farren, 6 Bing., 141, in which it is admitted, that there is " nothing illegal

or unreasonable in the parties, by their mutual agreement, settling the amount of damages, *uncertain in their nature,* at any sum upon which they may agree."— Fletcher *vs.* Dyche, 2 T. Rep., 32; Barton *vs.* Glover, 1 Holt, 43; Glasson *vs.* Beadle, 7 J. Rep., 72; Hosbrouch *vs.* Tappan, 15 J. Rep., 200; Dakin *vs.* Williams, 17 Wend., 447.

In Irvin's Administrator *vs.* Tanner, 1 Mo. Rep., 149, (210) it was held, that where the parties had fixed their own measure of damages, the court would not interfere with their intention.

In Reilly *vs.* Jones, 1 Bing., 302, (8 English Com. Law Rep., 328,) Burrough, judge, remarked, "there is no case which has decided that the defendant shall not pay the whole sum, when the expression, *liquidated damages,* has been employed to designate the nature of the payment."

TOMPKINS, *J.,* *delivered the opinion of the Court.*

On the 29th day of September, Platte county instituted an action of debt against William Moore, David Hunt and John P. Hunt, in the Circuit court of that county, and obtained a judgment, to reverse which, this appeal is prosecuted.

The first count in the declaration is in these words : " Platte county complains of William Moore, David Hunt and John P. Hunt, of a plea that they render to the said plaintiff the sum of $1,570, &c., which they owe to, and unjustly detain from, her : for that whereas the said defendants heretofore, to wit, on the 12th of June, in the year 1840, at, &c., made their certain writing obligatory, sealed with their seal, and to the court here shown, the date whereof is the day and year aforesaid, and which said writing obligatory is in the words and figures following, to wit: ' Know all men, by these presents, that we, William Moore as principal, and David Hunt and John P. Hunt, as securities, are held and firmly bound unto the county of Platte in the sum of $1,570, not as a penalty, but as liquidated damages, to the payment of which sum, well and truly to be made, we bind ourselves, our heirs, executors, and administrators, firmly by these presents. Sealed with our seals, and dated the 12th day of June, 1840.

" ' The condition of the above obligation is such, that whereas the above bound William Moore has this day contracted with Jesse Morin, Elijah Moore, and Demetrius A. Sutton, superintendents of the court-house in Platte City, for covering said court-house, which said covering is to be completed by the first day of June, 1842, in the following manner, to wit:—The tinning of the roof to be done with good tin, in the following manner: all necessary covering and securing of cornice to roof and cupola, and down to cupola to be completed: for which the said superintendents, in their official capacity, agree to pay the said Wm. Moore the sum of $758, in any money which is current in the country; one-half of which is to be paid when the work is half done, the balance when completed and received by the superintendents. Now, if the said William Moore shall well and truly complete the contract as above specified, then the above obligation to be void; otherwise, to remain in full force and virtue.' " (*Signed, as above, by the obligors.*)

Then the breach is assigned, that the said William Moore did not do the tinning of the said roof in the best manner, but on the contrary thereof, &c.

The second count is as follows:—"And whereas, also, the said defendants afterwards, to wit, on the said twelfth day of June, in the said year 1840, at the county of Platte aforesaid, by their certain other writing obligatory, sealed with their seals, and here to the court shown, the date whereof is the day and year last aforesaid, acknowledged to be held and firmly bound to the plaintiff in the sum of $1,570, not as a penalty, but as liquidated damages to be paid by the said defendants to the said plaintiff, upon the failure of the said William Moore to comply with certain conditions in said writing obligatory mentioned, among which conditions in said writing obligatory is this, that the said William Moore should cover the court-house in Platte City with good tin in the best manner; and the said plaintiff saith, that the said plaintiff caused the said roof of the said court-house to be framed and prepared for the reception of the tin in a reasonable time, to wit, on and by the first day of August, in the year 1841, at the county of Platte aforesaid, of which the said defendants then and there had notice, and the said plaintiff, in fact, saith that the said William Moore did not do the said tinning of the said court-house in the best manner, but, on the contrary thereof, did the same in a manner so bad and so unworkmanlike, that, &c., by means of which said last-mentioned breach the said last-mentioned writing obligatory became forfeited, &c."

The defendants then crave oyer, and set out the bond of William Moore, David Hunt, and John P. Hunt, as it is set out in the first count in this declaration; after this bond so set out, follows another writing, signed by William Moore, in the words following, to wit:—"It is further understood, that the covering of the main body of the building is to be completed so soon as practicable after the roof is framed and prepared by the carpenters for the reception of the tin, anything in the foregoing bond to the contrary notwithstanding. This day and year aforesaid,

(Signed)    "WILLIAM MOORE."   [Seal.]

To this declaration, consisting of two counts, the defendants pleaded, and on the issues made a verdict was found for the plaintiff, and judgment was entered up accordingly for the sum of $1,570, the stipulated damages. The defendants moved for a new trial, and in arrest of judgment. Both of these motions were overruled.

Two questions arise here, one of which it is necessaay to decide now, and the other, if not now necessary to be decided, it may hereafter become necessary to decide.

1. Ought this judgment to have been arrested?

2. Is the sum of $1,570, in the declaration mentioned, to be considered as a penalty, or as liquidated damages?

The first count in this declaration is worth nothing; its commencement is formal enough, but when we come to the statement of the cause of action, we find nothing more than that the defendant made his certain writing obligatory, of which writing a copy is then given. In the statement of the cause of action, it is expected that the plaintiff will set out the legal effect of the instrument of writing declared on; as, for instance, in the present case, that the defendants, by their

*Moore and Hunt* vs. *Platte County.*

writing obligatory, bound themselves to pay, &c., to the plaintiff, on the condition therein mentioned.    See the case of Perkins *vs.* Reed, administrator of Nash, decided at the July term of this Court for the last year; see, also, the case of Muldrow *vs.* Tappin, 6 vol. Mo. Decisions, p. 267, in which last case the opinion was delivered by the late Judge McGirk, and he there cites several authorities. The best authority, however, for such pleaders is the form of a declaration in debt from Chitty.

But the second count of this declaration is more glaringly defective, if possible, than the first; oyer is given of two instruments of writing, the one under seal, executed by three parties, to wit, William Moore, David Hunt, and John P. Hunt, the other not under seal, and executed by William Moore alone; it has a scrawl at the end of the name of William Moore, by way of seal, but that is not so declared or stated in the instrument of writing; but it is immaterial whether this latter instrument be under seal or not, for it is certain the plaintiff cannot, in the same count, or even in the same declaration having different counts, declare on two contracts, the one of which is made by three men, and the other by one of those three.

The action upon an express contract, whether it be by deed or merely in writing, or by parol, must in general be brought against the party who made it, either in person or by agent.  (1 Chitty's Plead., 86.)    Let it be granted that the latter writing, of which oyer is craved and given, is an amendment of, or an addition to, the first, it is still very evident Moore is not able to alter, or change in any manner the contract made with Platte county by himself and David Hunt and John P. Hunt, his two securities in the said bond.  By the terms of the bond the court-house was to be covered by the first day of June, 1842; and by the terms of the addition made to the bond of the principal and security, by Moore alone, the principal, the completion of the covering of the building is required to take place as soon as possible after the roof is framed and prepared by the carpenters for the reception of the tin : and in this second count it is averred, that " the said plaintiff caused the roof of the said court-house to be framed and prepared for the reception of the tin in a reasonable time, to wit, on and by the first day of August, 1841," and that the defendant had notice thereof.    Whether this change be for the benefit of the plaintiff or the defendant does not appear on this record, nor is it material for the present purpose; suffice it to say, that it is a change, and a material change, and a change made without the consent of the security.    This second count of the declaration is framed, then, on two contracts, the one made betwixt the county of Platte, plaintiff in this action, and the three defendants; the other made betwixt the said county of Platte, plaintiff, and one of those defendants, William Moore, without the concurrence of his two securities.   This is so glaringly wrong, that it is useless to comment on it: the first count, then, is a nullity; it is just as if the plaintiff had filed the defendant's bond in the clerk's office, and ordered a writ to be issued thereon, and proceeded to trial on such bond and writ.   The second is still worse: the two securities of Moore being sued on a bond which the record shows they did not make.    Moreover, pleas were filed to this declaration, which were demurred to by the plaintiff, and the demurrers sustained by the Circuit Court.

These demurrers also refer back to the declaration, and enable the Court now to inquire into its sufficiency. The judgment must be arrested.

2. Whether this sum of $1,570 mentioned is to be regarded as a penalty, or as liquidated damages, is not so easily to be decided as the first point made here. The books furnish no very certain rule, (see Chitty on Contracts, p. 863 to 866,) and whether the parties call it a penalty or liquidated damages does not seem to have much influence with the courts in ascertaining the intentions of the parties as expressed in the contract. The courts seem rather to lean against construing agreements so as to compel the parties to pay the sum as stipulated damages, and are rather disposed to regard the sum of money agreed to be paid as a penalty to enforce the performance of the contract. In this case the contract was to cover the court-house by the first day of June, 1842, with good tin, in the best manner, all necessary covering and securing of cornice to roof and cupola, and dome of cupola to be completed. This, then, is a building contract to do several things in a special manner, and in a given time. It can hardly be imagined that it was intended that the defendants were expected to pay $1,570 if they failed to finish this work on the exact day; for example, if they failed by one, or even two days, or if there were only a slight neglect in the execution of a particular part of the work. This Court, as at present advised, is disposed to regard the sum of $1,570 in the declaration mentioned as a penalty.

The judgment of the Circuit Court is reversed, and the cause remanded.