JAMES H. CONLEY *et al.*, Respondents, *v.* JOSEPH G. DOYLE, Appellant.

1. *Title bond, violation of — Notes — Action, nature of.* — One who, having received a title bond for land, gives his purchase-notes therefor, and takes them back while the debt still remains, thereby forfeits his claim on the bond; and if he had paid any one of the notes, his action should be specifically for the amount paid, and not for violation of the contract.

*Appeal from Johnson Circuit Court.*

*Elliott & Blodgett*, for respondents.

*R. Hicks*, for appellant.

BLISS, Judge, delivered the opinion of the court.

The defendant, in 1860, executed to the plaintiff a bond for a deed for 120 acres of land at the price of $1,000, to-wit: $300 down and the balance in one and two years, for which notes were given. The $300 was paid; but the troubles coming on, the plaintiffs entered the United States service and failed to pay the notes. It is in evidence that defendant told them not to trouble themselves about the payments; that when the war was over they would make it all right. The witnesses do not quite agree as to what was said, but it is agreed that the payments were not pressed, and no steps were taken to enforce or rescind the contract. In 1865, without further communication with the plaintiffs, the defendant sold and conveyed the land to one Roberts. On hearing of the sale, one of the plaintiffs called upon the defendant and claimed that they should be reimbursed for the amount paid. As to what passed at this and other interviews, there is conflicting testimony; but all the witnesses seem to agree that the defendant expected to refund something. The title bond had been accidentally burned, and defendant finally gave up the plaintiffs' notes.

The present suit purports to be instituted for a violation of the contract by selling the property while it was in force, and thus putting it out of defendant's power to comply with its terms.

Among the objections to plaintiffs' proceeding is the fact that

they not only did not pay the notes as they fell due, but have never tendered their amount, only averring a readiness to pay. If this were an action at law upon the bond under the old practice, it would be necessary to aver specifically and prove a performance by the plaintiffs of every condition precedent. In that case, if the sale to a third person had been in fraud of the vendee, so that the vendor, with intent to cheat, had voluntarily put it out of his power to convey, the damages might be more than the deposit; and it is held in such case that the value of the land at the time of the breach of the conditions of the bond may be recovered. (Sedgw. 186, and notes.) The pleader seems not to be clearly impressed with the nature of his remedy. The contract has been rescinded by the acts of the parties : first, by the defendant selling the property, treating the contract as at an end ; and, second, by the plaintiffs taking back their notes, making no claim to the land, and only looking to defendant to refund what had been paid. The suit should have been specifically for that sum ; and though the pleader seems to have had another view of the matter, yet the facts are all set forth, and the court gave the jury the correct rule of damages. The ends of justice would not be subserved by granting a new trial, for upon an amended pleading the judgment must be the same. It is clearly shown that the defendant waived the strict performance of the contract on the part of the plaintiffs, so that, at the time of the sale to Roberts, a specific performance could have been enforced. He took no steps to foreclose the plaintiffs' equity. They have mutually abandoned the agreement, and the money paid the defendant should be held for the use of the plaintiffs.

I feel some hesitation in affirming the judgment under the theory upon which the case was tried. The plaintiffs' counsel were misled by the decisions in this court under the old pleadings, and made in regard to a different class of contracts. Setting out the facts, they should have sued for the money and framed their instructions accordingly. The parties had abandoned the contract, and unless it was understood between them that in giving it up the claim for repayment was also surrendered, it still subsisted. It was claimed, upon the trial, that the surrender of the notes was intended as an

accord and satisfaction, but this matter was not properly given to the jury, and their finding upon that point could not have been otherwise.

Judgment affirmed. The other judges concur.