FIRST NATIONAL BANK OF KANSAS CITY, MISSOURI, Respondent, v. J. K. LANDIS and M. B. BEHNEY, Appellants.

Kansas City Court of Appeals, March 4, 1889.

1. **Pleading :** PETITION ON PROMISSORY NOTE, SUFFICIENCY OF. CODE AND COMMON LAW. Under the code a petition on a promissory note, which substantially alleges that the defendant L. made his promissory note by which he promised to pay to the order of plaintiff, etc ; and that at the making of the said note the defendant B. endorsed the same on the back, and thereby became a maker of the said note, with the said L., contains sufficient facts to warrant a judgment not only against L. but as well against B., though in the old common-law action of *assumpsit*, an express allegation, that B. thereby promised to pay, etc., was required. (Code and common law requisites in such cases compared and discussed.)

2. **Appellate Practice :** JUDGMENT ON FAIR TRIAL, NOT REVERSED FOR DEFECTIVE PETITION, WHEN. Even though the petition was defective, reversal would not follow, where it appears that issues were formed by answer and reply and the defendant was fairly heard on the only defense he claims, and under favorable instructions, the jury found the facts that justify the judgment.

3. ————— : ERRORS REVIEWED, WHEN. This court will not review alleged errors unless called to the attention of the court in the motions in arrest and for a new trial

VOL. xxxiv—28

4. **Judgment Entry:** DEFAULT AND VERDICT: IRREGULARITIES. A judgment entry which recites a default against L. (when in fact there had been appearance but no answer), and a verdict against B. and then rendered judgment against both, though informal, is yet good and valid. (Entry examined and suggestions as to irregularities made.)

*Appeal from the Jackson Circuit Court.*—HON. J. M. SLOVER, Judge.

AFFIRMED.

Statement of the case by the court. .

This is an action upon a promissory note. The petition is as follows, leaving out the mere formal allegations :

"Plaintiff, for its cause of action, states that on the twenty-fifth day of January, 1888, that said Landis, under and by the name of J. K. Landis, made his certain promissory note, whereby for value received he promised to pay to the order of said First National Bank of Kansas City, Missouri, the plaintiff herein, at its office, the sum of twelve hundred dollars with interest from maturity at the rate of ten per cent. per annum until paid.

"That at the time of giving said note, the said defendant Behney, under the name of M. B. Behney, endorsed the same on the back, and thereby became a maker of said note with the said defendant, J. K. Landis, which said note is herewith filed and made part hereof. That on the day said note became due, to-wit : Feb. 7, 1888, the said note was duly presented for payment at the office of the said First National Bank, junction of Main and Delaware streets, Kansas City, Missouri, and payment thereof was refused, for the reason there were no funds to pay said note.

"That on the eighth day of February, 1888, there were paid upon said note the sum of eighty-four dollars

and forty-two cents ($84.42), leaving a balance due upon said note of eleven hundred and fifteen dollars and fifty-eight cents with interest from February 7, 1888, at the rate of ten per cent. per annum, for which sum, interest and costs, plaintiff asks judgment.

"PEAK, YEAGER & BALL,
"Attorneys for Plaintiff."

To this petition defendants filed a general demurrer.

The ground alleged was that said petition did not state facts sufficient to constitute a cause of action. This demurrer the court overruled, and defendant Behney at the time excepted.

The answer of defendant Behney consisted of a general denial, and the allegation that it was agreed between defendant Behney, the said plaintiff, and said Landis, that Behney should sign his name upon the back of said note as endorser, and not as maker, and accordingly he became, and was, an accommodation endorser for said Landis.

To this plaintiff replied by a general denial. Landis filed no answer, but after said demurrer was overruled abandoned all further defense. At the trial, which was by jury, when plaintiff offered the note in evidence, defendant Behney objected to any evidence under the petition for the reason that said petition did not state facts sufficient to constitute a cause of action against said defendant Behney. The court overruled this objection, and defendant Behney excepted. The note was then received in evidence, and it is as follows:

"KANSAS CITY, January 25, 1888.

"Ten days after date we promise to pay to the First National Bank of Kansas City, Mo., for value received, at its office, junction of Main and Delaware streets, Kansas City, Mo., twelve hundred dollars with interest from maturity at the rate of ten per cent. per annum.

"J. K. LANDIS."

"Endorsed by M. B. BEHNEY."

The plaintiff then rested its case.

Thereupon defendant Behney asked of the court an instruction in the nature of a demurrer to the evidence that under the pleadings and proofs as produced by plaintiff, it was not entitled to recover against defendant Behney. The court refused to so instruct the jury. To this ruling defendant Behney duly excepted.

Whereupon the defendant, Behney, introduced testimony tending to prove the allegation set up in his answer, and the plaintiff, in rebuttal, introduced testimony tending to prove the reverse of the allegations in said answer.

The court, by proper instructions, given at the instance of both plaintiff and defendant Behney, fairly submitted the issues thus made, as to whether or not defendant Behney was a maker, or endorser only, of the note in suit, with directions that if it was understood, when Behney signed the same, that he was only an endorser, that the verdict should be for said defendant. No objections are now presented to these instructions, for indeed they seem unobjectionable. The jury found the fact to be that defendant Behney was a co-maker of said note with Landis, as they rendered the following verdict:

"We the jury find for the plaintiff against defendant Behney and assess damages at $1,129.24."

In the record entry of trial and judgment the same recites that defendant Landis makes default and "it is therefore considered and adjudged by the court that plaintiff recover against said defendant Landis by reason of default," etc., * * * and then after repeating the verdict as above set out the record reads:

"It is therefore considered and adjudged by the court that plaintiff have and recover of and from said defendants the sum of $1,129.24 so found due, together with ten per cent. interest thereon and costs of suit, and have hereof execution."

Defendant Behney in due time filed his motions for a new trial and in arrest, which being overruled and exceptions taken he appeals to this court.

*Wash. Adams*, for appellant.

(1) In a suit upon a note against the maker, the pleader should either set out the note in its precise words, or plead it according to its legal effect. It is not sufficient to aver that "defendant endorsed the same on the back, and thereby became the maker of said note." *Muldrow v. Tappan*, 6 Mo. 277; *Moore v. Platte County*, 8 Mo. 467; *Bean v. Ayers*, 67 Me. 482; *Higgins v. Germane*, 1 Montana, 230; *Stevens v. Baker*, 9 S W. Rep. 491; *Joseph v. Holt*, 37 Cal. 250. (2) If the petition lacks wholly any element necessary to constitute the cause of action, it is subject to general demurrer. *Sperlock v. Railroad*, 93 Mo. 530. (3) This vice in the petition may also be reached by objection to the introduction of any evidence at the trial. *Hart v. Wire Co.*, 91 Mo. 414; *Grove v. City*, 75 Mo. 672. (4) The same defect may be taken advantage of by demurrer to the evidence. (5) Or by motion in arrest of judgment. *Janes v. Fuller*, 38 Mo. 363; *Walsh v. Bryan*, 28 Mo. 30; *Sanford v. Sawyer*, 40 Mo. 160; *Ivory v. Carlin*, 30 Mo. 142. (6) The judgment should follow the verdict, and if erroneous as to one defendant is erroneous as to all. Freem. Judg. 136; *Ins. Co. v. Clover*, 36 Mo. 392; 4 Robert ( N. Y.) 603.

*Peak, Yeager & Ball*, for respondent.

(1) As to the first contention made by the appellant we submit: That the petition is substantially good. If the facts necessary to constitute a cause of action are necessarily inferable from the pleading taken in entirety it is good. *State ex rel. v. Williams*, 77 Mo. 463–467.

(2) The legal effect and the responsibility of the appellant is sufficiently pleaded. (3) The most that can be said is that the cause of action is defectively stated. *Spurlock v. Railroad*, 93 Mo. 539. (4) As to the contention as to the judgment: The judgment is not erroneous, it is at most only irregular. The point is only technical. The judgment is good and the cause cannot be reversed on this ground. R. S., sec. 3582, subdiv. 13, 14; *Belkin v. Hill*, 53 Mo. 492-497.

GILL, J.—Counsel for appellant Behney, for reversal of this cause, relies on two points, to-wit:

(1) That the petition states no cause of action against defendant Behney, and (2) that judgment was improperly rendered against both Landis and Behney upon a verdict which was against one alone.

I. In determining the sufficiency of a petition under our code, we look to the allegations of fact therein contained; and if these matters alleged in the petition, admitting them to be true, impose a liability on the defendant, the petition is not demurrable. The varied forms of action of the common law have no place in our practice, since the adoption of the code in 1849.

The pleader is only required to make "a plain and concise statement of the *facts* constituting the cause of action." The petition in this cause substantially alleges that defendant, J. K. Landis, on January 25, 1888, made his promissory note by which he promised to pay to the order of plaintiff the sum of twelve hundred dollars with ten per cent. interest after maturity. The due day is alleged to be February 7, 1888. That at the making of said note defendant Behney endorsed the same on the back, and thereby became a maker of said note, with the said Landis. Presentment for payment and refusal is alleged, and judgment asked. Now if these allegations are true (and we so concede for the purpose of a

demurrer) then sufficient facts appear to warrant judgment, not only as against defendant Landis, but as well against defendant Behney. It stands admitted by the demurrer that defendants Landis and Behney made this joint obligation to pay the plaintiff twelve hundred dollars on February 7, 1888; for to say that one party executed a certain instrument of a certain tenor and effect and that another person at the same time, also joined in the execution thereof, is, in effect, the same as to allege in the first instance a joint execution by both persons.

Defendant's counsel contend that there should have been an express allegation, in addition to declaring the making of the note, that defendant Behney "*thereby promised to pay*," etc., and cites in support of this position the case of *Muldrow v. Tappan*, 6 Mo. 276, followed by a later case in 8 Mo. 471.

It is there held that in the old common-law action of *assumpsit* the declaration, in addition to alleging the execution of the note, is bad on demurrer, unless a *promise* on the part of the defendant is also alleged. It seems this *was* the rule under the common-law pleading, though there is respectable authority, holding "that in declaring in *assumpsit*, on a promissory note, against the maker, a statement of the facts, which render the defendant liable to pay, is sufficient, without expressly alleging a *promise* on his part." The reason for this holding is that the making of the note is, of itself, an actual promise. Gould Plead., sec. 19, note 5.

However this may have been under the rules of the common-law pleading, the reason therefor, and along with it the rule itself, no longer has place under our code practice. It was required in the action of *assumpsit*, because therein was the distinguishing feature of that form of action. It was a suit based on a *promise*, and unless a promise was alleged, the pleader *was* condemned as pursuing the wrong remedy. 1 Chitty Pl. 308. Gould's Pl., sec. 19.

Formerly the issue by plea of *non-assumpsit* was taken on this allegation of promise—the facts being regarded as mere inducement. 1 Chitty Pl. 121.

But under the code practice, as now generally existing in this country, these particular forms of actions and legal fictions are abolished. The pleader is required only to state the *facts* upon which he grounds his complaint or defense. We have but one form of action, and that is denominated by statute "a civil action."

The cases relied on in 6 Mo. and in 8 Mo. *supra*, were decided under the rules of the common law, and several years before the adoption of the code practice by the legislature of Missouri in 1849—by reference to the forms of pleading then suggested by our law-makers it will be seen how earnest they were in cutting loose from the former intricacies and mere fictions of the old rules. Laws 1849, p. 105 and following.

The decisions under codes, such as that of Missouri, are quite uniform, that the promise need not be alleged, if from the facts alleged a promise is implied. "The promise to pay, alleged in *assumpsit* was a mere conclusion of law from the facts stated, and as the new code only requires the *facts* to be stated, they are sufficient without setting forth the conclusions of the law arising from those facts." *Wilkins v. Stidger*, 22 Cal. 235. "It is no longer necessary, in such cases, for the plaintiff to allege in his complaint any promise on the part of the defendant, but he must state facts, which if true, according to well settled principles of law, would authorize the court to infer a promise." *Cropsey v. Sweeney*, 27 Barb. 312; *Wills v. Wills*, 34 Ind. 108; and Bliss Code Pl., sec. 152 and authorities cited. We think, then, that notwithstanding the unskilful manner in which this petition was drawn, it is yet sufficient, in that the *facts* are alleged with such precision as to fully warn the defendant with what he is charged. But did

we even regard the petition as defective, yet reversal would not follow, since it appears that issues were formed by answer and reply and the defendant was fairly heard on the only defense he claims. Instructions, entirely favorable to a just disposition of the merits of the case, were given, and the jury's finding as to the facts, settled the existence of such facts as justify the judgment. *Conley v. Doyle*, 50 Mo. 235.

II. The remaining point urged by defendant Behney's counsel, to-wit: That the judgment was improperly entered against *both* defendants, whereas the verdict was only against *one*, we are not called upon to review since in the motions in arrest and for new trial, in the circuit court, no such point is made.

If there was any error in that regard the circuit court should first have been asked to correct it. If this was not done then this court will not review the question.

This judgment, however, though informal in some immaterial matters, is yet a good and valid judgment against both defendants. It would have been more strictly correct to recite, in the judgment against Landis, that the allegations stood confessed as to him for want of answer, rather than default (for he did appear) still the error was unsubstantial. It would, too, have been well to have stated in the record, that as the action was on a promissory note the court thereupon assessed the damages as against said defendant Landis at the amount of principal and interest, etc.,—yet although this does not very definitely appear, the result is the same. Landis did not answer and the judgment is against him for the amount of the note and interest.

Judgment affirmed. The other judges concur.