THE JOHNSON COUNTY SAVINGS BANK, Respondent, v. WILLIAM LOWE, Appellant.

Kansas City Court of Appeals, December 7, 1891.

1. **Bills and Notes:** DEFINITIONS: PROTEST. Protest, in its legal and commercial sense, means all the steps taken to fix the liability of the drawer or indorser, upon the dishonor of commercial paper to which he is a party, or, in other words, presentment, demand and notice of non-payment.

2. ———: WAIVER OF DEMAND AND PROTEST. "Notice of demand and protest is waived," written on the back of a negotiable promissory note over the signature of the indorser, is a waiver of all the steps legally necessary to fix the liability of the indorser.

*Appeal from the Johnson Circuit Court.*—HON. CHAS. W. SLOAN, Judge.

AFFIRMED.

*O. L. Houts,* for appellant.

" Notice of demand and protest is' waived "—the waiver proven—plainly meant just what was said, a waiver of notice, but not a waiver of demand, or protest which includes demand, without which, in the absence of presentment and demand of payment, appellant was not bound as indorser of a negotiable promissory note. *Jaccard v. Anderson,* 37 Mo. 91 ; 2 Daniels on Neg. Inst., sec. 1083, p. 131; Tiedeman on Com. Paper, sec. 363 ; 2 Daniels on Neg. Inst., p. 132 ; *Burnham v. Webster,* 17 Me. 50 ; *Creamer v. Perry,* 17 Pickering, 332 ; *Beeler v. Frost,* 70 Mo. 185 ; *Rodney v. Wilson,* 67 Mo. 123. Forms waiving demand, "demand waived," "protest waived," or "demand and protest waived," are in universal use in the commercial world, and never misunderstood or confused with a waiver of notice at this late day.

*J. M. Shepherd* and *S. P. Sparks,* for respondent.

( 1 )   The first declaration of law, holding that the indorsement on the note, " Notice of demand and protest is waived," dispensed with protest, was correct.   *Bank v. Boyd,* 32 Ohio St. 526 ; Tiedeman, Com. Papers, secs. 363, 364. *First.* Applying the maxim, *Verba chartarum fortius accipiuntur contra proferentem. Generale dictum generaliter est intelligendum. Verba debent intelligi secundum subjectam materiam. Charta de non ente non valet,* there is no difficulty in reaching the conclusion that the indorser dispensed with the necessity of protest.   Coke upon Littleton [ Ed. 1788 ] 39 ; 2 Pars. Cont. [ Ed. 1866 ] 506 ; *Brewing Co. v. Waterworks Co.,* 34 Mo. App. 49 ; *Wolf v. Dyer,* 95 Mo. 545, *loc. cit.* 550 ; 2 Devlin on Deeds, sec. 848. *Second.* Lord Coke's advice is never to punctuate a deed, lest a man lose his title by a punctuation mark ; the court will punctuate so as to effect the intention of the parties.   ( 2 )   In

waiving protest appellant not only dispensed with the formality, but also with the necessity of the steps which must precede it, and of which it is merely the formal though necessary proof which the law requires. Daniels, Neg. Inst. sec. 1095; *Bank v. Hyde*, 6 Wheat. 572; *Jaccard v. Anderson*, 37 Mo. 61.

SMITH, P. J.,—The question we must here decide is, what is the legal effect of the following words appearing on the back of a negotiable promissory note such as the one sued on, over the signature of the indorser, to-wit: "Notice of demand and protest is waived." Are these words sufficient to legally bind the indorser in case the maker fails to pay the note at its maturity? The term "protest," in a legal and commercial sense, means all the steps taken to fix the liability of the drawer or indorser, upon the dishonor of the commercial paper to which he is a party; or, in other words, presentment, demand and notice of non-payment to the drawer or indorser. Daniel, Neg. Inst., sec. 929; *Coddington v. Davis*, 3 Denio, 16. Presentment and demand of payment and notice of non-payment are conditions precedent, upon the performance of which the liability of the indorser depends. *Watkins v. Crouch*, 5 Leigh. 522; *Brown v. Hull*, 33 Gratt. 23. In legal effect the indorser guarantees that the note will be paid according to its tenor, provided it is presented to the maker at maturity, and, if not so paid, the indorser, upon notice, will pay it. Edwards on Bills, 284; 1 Dan. Neg. Inst., sec. 669. The indorsement operates as a new and substantive contract embodying all the terms of the instrument indorsed. The waiver of protest is ordinarily construed as a waiver of the steps necessary for the purpose, and includes demand and notice of payment. *Aunville Nat. Bank v. Kettering*, 106 Pa. St. 531.

It is the duty of the courts of justice to construe an instrument so as to give it effect, if possible, rather than

to allow it to become inoperative. A liberal construction should be put upon written instruments so as to uphold them, if possible, and carry into effect the intention of the parties. And too much regard ought not to be had to the usual or technical signification of words or sentences when it is clear the result would be to frustrate the design of the parties. *Carpenter v. Reynolds*, 12 Miss. 807; *Porter v. Kimball*, 53 Barb. 467.

In view of these rules, let us inquire what is the legal effect of the terms of the waiver written on the note. The words, "protest waived," written on a note by the indorser, are a waiver of both demand and notice. *Aunville Nat. Bank v. Kettering*, *supra*. These words, when used in reference to a promissory note, constitute a waiver of both demand and notice. There is no good reason why a written instrument purporting to constitute a waiver should be construed differently from other instruments. This best accords with the understanding and intention of the parties. *Carpenter v. Reynolds*, *supra*. "I have waived demand of the note," are ambiguous words. They have been construed to mean that the indorser waived demand that the note should be protested, or in other words that he will not demand protest of the note, that it need not be protested. *Porter v. Kimball*, *supra*.

It is not essential that the waiver of protest should be direct and positive, but any words, which by fair and reasonable construction imply an intent to waive demand and notice, will have that effect. Parsons on Notes & Bills, 576. In *Brown v. Hull*, *supra*, it was, in effect, said that, while the authorities are not all agreed as to the precise meaning of the words "protest waived," the more general and better received opinion is, that they include a waiver of both demand and notice.

In our own state it has been expressly decided that a "waiver of protest" would imply a waiver of presentment, demand and notice. *Jaccard v. Anderson*, 37

Mo. 91. Where the words, "I waive demand and notice," or "presentation and protest waived," or "waiving demand and notice," or "I waive demand of protest," or "We acknowledge the receipt of notice of protest on the within note," are either written above the indorsee's signature or embodied in the instrument, they import an express waiver of demand, protest and notice, or, which is the same thing, signify a waiver of all the steps usually taken to bind the indorser. Daniel, Neg. Inst., sec. 1094. We are of the opinion that from analogy to the various forms of expressions which have been held to constitute a valid waiver of protest, that the words of the waiver written on the note in this case are broad enough to include all the steps legally necessary to fix the liability of the indorser. We think that such was the manifest intention of the parties, and that the form of expression written on the note sufficiently evinces that intention, and that the words of the waiver imply a waiver of "protest" within the full meaning of that term as we have defined it to be. We have considered the other grounds of assault upon the judgment, but find nothing therein justifying an interference. The judgment will be affirmed. All concur.