51 281
63 628

HAMMETT & DAVISON, Respondents, v. J. W. TRUEWORTHY, Appellant.

Kansas City Court of Appeals, November 14, 1892.

1. **Bills and Notes:** PETITION: WAIVER OF PROTEST AND NOTICE. A petition by an indorsee on a promissory note against an indorser who has guaranteed judgment at maturity and waived notice of protest and demand is sufficient if its allegations make up an indorsement and transfer by the defendant, and it is not necessary to allege demand and notice of non-payment.

2. **Practice, Appellate:** MOTION TO ELECT WITHOUT EXCEPTION. That the trial court overruled defendant's motion to compel plaintiff to elect on which of two alleged causes of action he would proceed, is not a matter of review in the appellate court, where he saves no exception at the time to that ruling.

*Appeal from the Jackson Circuit Court.*—HON. R. H. FIELD, Judge.

AFFIRMED.

*R. O. Boggess*, for appellant.

(1)   The petition does not state facts sufficient to constitute a cause of action in this:   *First*, treated as a suit against an indorser, the petition fails to allege an indorsement; *second*, it fails to allege demand, non-payment, protest, and a notice of non-payment, or a waiver thereof; *third*, it is only alleged that defendant made a certain writing, therein "waiving notice of protest and demand." The indorsement ought to have been pleaded according to its legal effect. This is not sufficient; defendant might have been willing, for sufficient reason, to waive notice of protest and demand, and yet not willing to waive protest and demand, the substantives. *Expressio unius, exclusio alterius.* Defendant's liability is not to be enlarged by construction. 1   Daniel on Negotiable Instruments, secs. 667–79, pp. 528–31; 2   Daniel on Negotiable Instruments, sec. 1096, p. 131, and notes; 1 McQuillin's Pleading & Practice, sec. 931, p. 795, and citations.   (2)   The petition counts upon two separate and distinct causes of action; two promissory notes, both set forth in a single count followed by a single prayer for judgment for total amount due on both. The court below made but one finding.   The petition was bad on the motion to elect; overruling said motion and making the single finding constitute reversible error.   Revised Statutes, 1889, sec. 2040, p. 538; McQuillin's Pleading & Practice, sec. 194, and authorities cited.

*F. C. Farr*, for respondents.

(1) The petition sufficiently shows the liability of defendant as guarantor. *Bank v. Landis & Behney*, 34 Mo. App. 433; *Wright v. Dyer*, 48 Mo. 525. (2) No exception was taken to the overruling of defendant's motion to elect; hence, that action of the court, even if erroneous, is not subject to review here. *Sawyers v. Drake*, 34 Mo. App. 472; *City of St. Louis v. Brooks*, 107 Mo. 380; *State v. Harvey*, 105 Mo. 316; 2 Thompson on Trials, sec. 2802.

GILL, J.—The sufficiency of the petition is the decisive question in this case. Plaintiffs as holders of a certain promissory note for $666.67, with interest coupon or note for $26.66 attached, and both past due and unpaid, sued defendant as indorser or guarantor. The allegations of the petition are set out in one count, and it is substantially stated that one Peppert executed his note to Green, that Green assigned same to Hough & Co., that thereafter Hough & Co. sold and assigned same to Bassett and defendant Trueworthy, and that afterwards, and before the maturity of the obligation, Basset and Trueworthy sold, assigned and transferred said note to Swentzel by the following indorsement in writing: "For value received we hereby assign the within note to W. E. Swentzel and guarantee payment of the same at maturity, waiving notice of protest and demand;" and that said Swentzel thereafter assigned same to plaintiffs who were owners thereof at the institution of the suit. Default in payment is alleged and judgment prayed against defendant Trueworthy.

To the petition defendant filed an answer consisting of a general denial, and accompanied same with a motion complaining that two causes of action were set out in one count of the petition, and the court was

·asked to require plaintiffs to elect on which cause of action they would proceed to trial, and to strike out the other cause of action. This motion was overruled. The cause proceeded to trial resulting in a judgment ·for plaintiffs, and defendant appealed.

Several objections have been urged in counsel's brief against the legal sufficiency of plaintiffs' petition, none of which we regard of that importance as to justify a reversal. Although the petition was not drawn with that artistic, technical precision which is desirable in good pleading, yet *sufficient facts* are set out which, if admitted to be true, warrant a judgment against the ·defendant. The paper contains such allegations as, if ·conceded to be true, make up an indorsement and ·transfer by the defendant. That is all that is required under our code practice. *Bank v. Landis*, 34 Mo. App. ·433. It was, too, unnecessary to allege demand and notice of non-payment, since according to the terms of ·the alleged indorsement by the defendant, to-wit: "For value received we hereby assign the within note, and guarantee payment of the same at maturity, *waiving notice of protest and demand,*" the ordinary demand and notice were waived. *Bank v. Lowe*, 47 Mo. App. 151. We there considered the legal effect of an indorsement ·almost identical with this, and say now as was said there, "we are of the opinion that the words of the waiver written on the note in this case are broad ·enough·to include all the steps legally necessary to fix the liability of the indorser. We think that such was ·the manifest intention of the parties, and that the form of expression written on the note sufficiently evinces that intention." The use of the words, *"and guarantee payment of the same at maturity,"* which appear in the indorsement, strengthen our conclusion and make of this a stronger cause for the plaintiffs than we had in ·the above-cited controversy. These words, coupled

with others used in the indorsement, import on defendant's part a positive promise to pay and waiver of demand, notice, etc. It would seem, too, hardly to be doubted that this contract evidenced by defendant's indorsement would inure to the benefit, not only of the immediate indorsee, but for the benefit as well of any subsequent holder of the paper. The indorsement became from the time it was made an additional security for the original undertaking, and, as the principal obligation passed, so too went the incident.

Defendant is in no condition to complain here of the disposition made of his motion to require plaintiffs to elect on which of the two alleged causes of action they would proceed. He saved no exception at the time to that ruling, and, hence, will be taken to have submitted thereto. If then the court's action was erroneous, it is not now a matter for review in this court.

Something is said in brief of defendant as to the want or sufficiency of certain evidence, but, as the record presented to us contains none of the evidence, we are in no condition to review any of those questions.

We fail to discover any reason for disturbing the judgment of the lower court, and it is, therefore, affirmed. All concur.