BRADLEY, WHEELER & COMPANY, Respondents, v. HARLAND ASHER *et al.*, Appellants.

### Kansas City Court of Appeals, March 23, 1896.

1. **Jurisdiction**: CIRCUIT COURT: INTEREST. The circuit court has no original jurisdiction in cases on promissory notes unless the sum demanded exclusive of interest and cost exceeds $50; and the fact the note reads that, "if the interest is not paid annually when due, it becomes part of the principal and bear the same rate of interest," does not give jurisdiction.

2. **Interest**: PRINCIPAL. Whether under section 5977, Revised Statutes, 1889, interest can be made part of the principal, *quaere.*

3. **Bills and Notes**: INDORSEMENT: PROTEST WAIVED. Where an indorsement contains the words, "protest waived," it would appear that it was a waiver of all steps necessary to fix the liability of the indorser.

*Appeal from the Worth Circuit Court.*—HON. P. C. STEPP, Judge.

REVERSED AND DISMISSED.

*Kelso & Schooler* for appellants.

(1) We submit that the words "protest waived" are not broad enough to include all the prerequisites necessary to excuse the holder of a promissory note from presenting the same at maturity, demanding payment, and duly protesting the same for nonpayment. We are aware that there is a line of good authority holding such to be sufficient. But there is also equally as good authority holding the contrary doctrine. *Wall v. Bry*, 1 La. Ann. 312; *Bird v. LaBlanc*, 6 La. Ann. 470; *Ball v. Greaud*, 14 La. Ann. 305; Parsons Mercantile Law, p. 118; Tiedeman on Commercial Paper, sec. 363, last part. There is a difference in the rules applicable to foreign bills and promissory notes. See Daniels on Negotiable Instruments, secs. 1095 and 1095a. (2) In the same case, *Jaccard v. Anderson*, 37 Mo. 91, we call the attention of the court to the fact that the case was again before the supreme court on the question of the sufficiency of the averment in the petition. The court did not have before them the question raised in this case. It was not necessary to a determination of the question in that case. Again, in the case of *Bank v. Lowe*, 47 Mo. App. 151, the question before the court was as to the legal effects of the words, "Notice of Demand and Protest Waived." There is certainly a vast difference between that case and the one now under consideration. (3) The court erred in not sustaining the second ground of defendant's demurrer, that the petition shows upon its face that the court had no jurisdiction of the subject of the action. Circuit

courts have no original jurisdiction in actions where the sum demanded does not exceed $50 exclusive of interest and cost. Revised Statutes, 1889, sec. 3318; *Monks v. Strange*, 25 Mo. App. 12; Session Acts, 1891, pp. 106, 107.

*Lingenfelter & Hudson* for respondent.

(1) By the use of the words "protest waived" on the back of said note the Grant City Lumber and Hardware Company not only dispensed with the formality but also with the necessity of the steps which necessarily preceded, and of which it is merely the formal, though necessary, proof which the law requires. *Bank v. Hyde*, 6 Wheat. 572; *Jaccard v. Anderson*, 37 Mo. 91; Tiedeman on Commercial Paper, secs. 363, 364; *Bank v. Lowe*, 47 Mo. App. 151; *Coddington v. Davis*, 3 Den. 25. (2) As to defendant's second ground for demurrer—that said first amended petition shows upon the face thereof that the court had no jurisdiction of the subject of the action—the circuit court clearly had jurisdiction over this case, for the reason that at the time of the commencement of the suit, to wit, on the fourteenth day of September, 1894, the amount of said note as principal, exclusive of interest, was $54 according to the terms of the note. "That if the interest be not paid annually it should become as principal and bear the same rate of interest." The interest accrued prior to the bringing of the suit has been held to oust the jurisdiction of the court. Conversely the interest would assist in giving the court jurisdiction. *Van Giesen v. Van Houten*, 2 South. (N. J.) 822; *Simpson v. McMillon*, 1 N. & M. (S. C.) 192; *St. Armond v. Gerry*, 2 N. & M. (S. C.) 487; *Bultler v. Wagner*, 35 Wis. 54. The contract provides that if the interest be not paid annually it shall become

a part of the principal. *Reed v. Shepherd*, 38 Mo. 463. The interest referred to in section 3318, Revised Statutes, 1889, "exclusive of interest," we construe to mean interest accruing after the action was brought and not what had accrued prior to bringing of said action. *Kaiser v. Cox*, 2 W. Rep. 390; *Railroad v. Trook*, 100 U. S. 112 (Lawyers Edition Book, 25, 571); *Wilson v. Daniel*, 3 Dall. (3 U. S. 401). The question of jurisdiction is to be gleaned from inspection of the entire record. *Hope v. Blair*, 105 Mo. 85.

ELLISON, J.—Plaintiff sued the defendants, Asher, as makers of a promissory note and the defendant lumber and hardware company as indorser thereof to plaintiffs. The defendants demurred to the plaintiff's petition and the demurrer being overruled, they stood on the same and appealed to this court. The grounds of demurrer were: *First*. That the petition did not state facts sufficient to constitute a cause of action; and, *second*, that the petition disclosed that the court had no jurisdiction of the subject-matter of the action. The point made on the last ground was that the amount of the note was $50, and that, under the statute, section 3318, Amended Laws, 1891, page 106, it is provided that the circuit court has no original jurisdiction in cases on promissory notes, unless the sum demanded, *exclusive* of *interest* and costs, shall *exceed* $50. The petition declares that the makers "promised for value received to pay to the order of the Grant City Lumber Company and Hardware Company, one year after date of said note, the sum of $50, with interest at the rate of eight per cent per annum, payable annually, to become as principal and bear the same rate of interest," etc. The prayer of the petition was: "Wherefore, plaintiff prays judgment against defendant for said sum of $50 and interest thereon at

the rate of eight per cent per annum from the date of said note, and for costs of suit and for all other proper relief." The plaintiff's contention is that his note does exceed $50, exclusive of interest, and he seeks to sustain such contention on the idea that since the note reads that if the interest was not paid annually, when due, it should become part of the principal and bear the same rate of interest. But this can not alter the patent fact that all additions to the original amount of the note came by way of interest, as earned by the principal sum. Though it is stated in the note that the unpaid interest shall become a part of the principal and bear the same rate of interest, it was evidently so stated merely for the purpose of compounding the interest and did not alter the indisputable fact that the additions to the original sum were interest additions. So that, therefore, when you exclude the interest earned, it leaves $50, a sum not within the original jurisdiction of the circuit court. *Monks v. Strange*, 25 Mo. App. 12.

It may well be doubted whether under our present statute, differing as it does from statutes of 1845 and 1855, interest can be made a part of the principal. Interest is a creature of the statute and under section 5977, Revised Statutes, 1889, it is provided that "parties may contract in writing for the payment of interest upon interest; but the interest shall not be compounded oftener than once a year." Formerly the statute authorized a contract that the interest should become a part of the principal, but not so now. So that it may reasonably be said that the statutory interest is only allowable as such. But, however this may be, we are satisfied that the object and intent of the statute was to fix the principal sum, upon which, as a foundation, the interest is built, as the test of the jurisdiction.

2.   The note was indorsed to this plaintiff, the indorsement containing the words: "Protest waived." We are of the opinion that this, under the case of *Bank v. Lowe*, 47 Mo. App. 151, was a waiver of all the steps necessary to fix the liability of the indorser. But since, as we have seen, the circuit court had no jurisdiction of the case, the judgment will be reversed and cause dismissed.   All concur.