BICK, Appellant, v. YATES et al., Respondents.

St. Louis Court of Appeals.    Opinion Filed March 23, 1909.

PLEADING: Promissory Note. In an action upon a promissory note, the petition is not defective for failing to allege "that by their note the defendants promised to pay" the note, where the execution of the note for value received is alleged in the petition.

Appeal from Monroe Circuit Court.—*Hon. David H. Eby,* Judge.

REVERSED AND REMANDED.

*J. J. Brick, pro se,* and *Thos. P. Bashaw* for appellant.

*J. P. Boyd* for respondent.

STATEMENT.—The petition in this case is as follows: "Plaintiff for cause of action against defendant states that the defendants made, executed, signed and delivered, for value received, their promissory negotiable note, dated December 28, 1898, for one hundred and twenty-eight and fifty-one-hundredths dollars ($128.50), due in twelve (12) months from the date thereof with eight per cent interest, due and payable annually, and if not so paid, to become as principal and bear the same rate of interest which said note bears in addition thereto the following clause, 'if this note is not paid when due, we agree to pay all reasonable costs of collection, including attorneys' fees and also consent that judgment may be entered for these amounts.' "

This petition is signed by the plaintiff himself and concludes with the averment that he is the owner of the note, and he demands judgment on it for $200, the amount unpaid, and for eight per cent interest, to be compounded annually and for costs.

The note referred to was attached to the petition.

One of the three defendants made default; the other two filed answers denying the execution of the note and denying the assignments and transfers, and deny that they are indebted to plaintiff, the answers however, not being sworn to.

On the cause being called for trial, plaintiff having been sworn as a witness in his own behalf, counsel for defendants objected to the introduction of any evidence in the case, for the reason that the petition did not state facts sufficient to constitute a cause of action, in that it is not alleged that by the execution of the note, the defendants promised to pay any one anything. The objection was sustained and plaintiff, duly excepting and refusing to plead further, filed a motion for new trial which was also overruled and, plaintiff excepting to this action, the case is now here on his appeal.

REYNOLDS, P. J. (after stating the facts).—We are unable to concur with the conclusion of the learned trial judge, that by the omission of the averment, "that by their note the defendants promised to pay," the petition failed to state a cause of action. By failure to verify their plea of *non est factum,* the execution of the note was admitted. The execution of the note, "for value received," as set out in the petition, implied an obligation to pay. Our appellate courts have specifically decided that however it may have been under the rules of common law pleadings, under our system of code pleading, the action being on a note, it is not necessary to aver an express promise on the part of the defendant to pay. [Kansas City National Bank v. Landis et al., 34 Mo. App. 433, and authorities there cited.] See also Hammett et al. v. Trueworthy, 51 Mo. App. 281, l. c. 284.

As the case will have to be retried, we suggest that all possible question can be avoided by amending the

petition to conform to the note itself, which, as we have seen, begins thus: "Twelve months after date, for value received, we promise to pay," etc. It is so obvious to us that the plaintiff had it within his power to meet the objection of the court by a very slight concession to the views of the court, involving no sacrifice of any substantial right, that if we could do so, consistently with the law and not thereby make a bad precedent, we would affirm this case for the obstinacy of the plaintiff. Cases are not to be managed in any such manner by parties or counsel. It is due the counsel whose name appears on the brief here filed along with plaintiff himself, to say that counsel does not appear to have been associated with plaintiff in the management of the case in the trial court.

The judgment of the lower court is reversed and the cause remanded for proceedings in accordance with this opinion. All concur.