JOSHUA P. RICHARDS, Appellant, v. SAMUEL J. HARRISON, Administrator of ARTHUR W. LEE, Deceased, Respondent.

St. Louis Court of Appeals, May 11, 1897.

1. **Attachment**: SALE: FRAUD: EVIDENCE. In attachment against defendant as indorser of certain notes, secured by deed of trust on real estate, on the ground that the debt was fraudulently contracted, where it appeared that the notes were purchased by plaintiff from defendant through a broker, to whom defendant presented an abstract of title, bringing it down to two days before the transaction, waiving demand, notice and protest, and representing that the abstract "showed everything that was there," which was false, and known to defendant to be false at the time,—*Held:* That it was sufficient to sustain the action, and excused plaintiff from further examination of the record.

2. ———: LEVY, FAILURE OF RECORDER TO PROPERLY RECORD: VALIDITY. The failure of the recorder of deeds to properly record an abstract of levy, could not affect the validity of the levy between plaintiff and defendant, where there where no intervening equities.

3. ———: PLEA, MUST BE MADE, WHEN. A defense, not made by the pleadings below, can not be urged for the first time in the appellate court.

*Appeal from the Marion Circuit Court.*—HON. REUBEN F. ROY, Judge.

REVERSED AND REMANDED; Judge BIGGS concurring, Judge BLAND not sitting.

*Thomas H. Bacon* and *Wm. R. Anderson* for appellant.

In a case wherein the present litigants were parties, this court has finally adjudged the acts of A. W. Lee herein as wrongful and fraudulent. *Dodd v. Lee,* 57 Mo. App. 167.

The adjudication of the vital issues of the former case is a former adjudication binding in this proceeding the interests of A. W. Lee herein. *State, etc., v. Bartle,* 114 Mo. 276, 281; *Nave v. Adams,* 107 *Id.* 420; and the fact that the former suit was a proceeding in equity while the latter is an action at law makes no difference. *Parker v. Straat,* 39 Mo. App. 616. See, also, *Young v. Byrd,* 124 Mo. 590, 598.

The fraud of A. W. Lee in recording his deed of trust, and preventing the timely record of J. W. Dodd's deed of trust, was *res judicata. Jones v. Talbot,* 9 Mo. 121; *Piper v. Boonville,* 32 Mo. App. 138; *Pugh v. Williamson,* 61 Mo. App. 165; *St. Louis, etc., v. Holladay,* 131 Mo. 440.

The specific intent of A. W. Lee was to get his abstract certified before the J. W. Dodd deed of trust should be recorded, and this he accomplished by retaining the unfiled deed in his pocket. This fraud made him responsible in this action. *Funkhouser v. Ingles,* 17 Mo. App. 232.

The statements made by A. W. Lee to his broker for the purpose of assuring any buyer of the notes, were at the time well known to him to be false. They were obviously intended to forestall any attempt to investigate the later records. He professed actual and superior knowledge. Kerr on Fraud and Mistake [1872 Ed.], sec. 2, p. 78, and citations.

A reference by vendor to other parties will not relieve him from liability for his false representations. *Caldwell v. Henry,* 76 Mo. 254; *McBeth v. Craddock,* 28 Mo. App. 380.

The statement of A. W. Lee that he was "just down from Palmyra, and the abstract showed everything that was there," furnishes a distinct element of fraud. *Bailey v. Smock,* 61 Mo. 213. See, also, *Brooking v. Shinn,* 25 Mo. App. 277; Kerr on Fraud and

Mistake, *supra; Burnham v. Ellmore,* 66 Mo. App. 617, 621, 622.

*R. E. Anderson* and *R. B. Bristow* for respondent.

The court did not err in refusing to permit plaintiff to read in evidence the abstract of the attachment filed by the sheriff in the recorder's office, it being shown not to have been recorded as required by law. R. S. 1889, sec. 543. See, also, *Id.* secs. 7430, 7431, 4922; *Stanton v. Brochert,* 104 Mo. 393; *Bryant v. Duffy,* 128 *Id.* 18.

Not only must the abstract of the attachment be filed in the recorder's office to perfect the lien, but it must be correctly spread upon the proper record book. *Terrell v. Andrew Co.,* 44 Mo. 309; *Bishop v. Schneider,* 46 *Id.* 472, 477; *Troyer v. Wood,* 96 *Id.,* 478; *Machine Co. v. Whitney,* 61 Mich. 518; *Isham v. Bennington,* 19 Vt. 230; *Galt v. Dribell,* 10 Yerg. 146; *Wood v. Cochern,* 39 Vt. 544.

The court did not acquire any jurisdiction over the *res. Smith v. Hackley,* 44 Mo. App. 614.

There was absolutely no proof that Richards relied on any representations of Lee. He had an abstract, and the appellate court found he "bought the notes on the faith of the abstract, without making further inquiries." This is in evidence, and is *res adjudicata* as to what he relied on when he made the purchase. *Dodd v. Lee,* 57 Mo. App. 167; 3 Wait's Actions, p. 44, sec. 9; Kerr on Frauds and Mistakes [2 Ed.], p. 35.

"The purchaser of a note and mortgage, who had opportunity to examine the property described, can not maintain an action of tort against the seller for falsely and fraudulently representing to him that the security was undoubtedly good." *Veasy v. Dotson,* 3 Allen,

380; *Horner v. Perkins*, 124 Mass. 431; *Scrining v. Darling*, 148 *Id*. 50.

The rule that a defect of parties is considered as waived, if not presented by demurrer or answer, has no application where the party not properly brought into court is a necessary party to the rendition of a judgment, such as the party sues for. *Steinman v. Strimple*, 29 Mo. App. 478, 482.

BOND, J.—In March, 1876, N. F. Fisher made a deed of trust to secure two notes of $1,000 each, payable to A. W. Lee. In April, 1886, Lee borrowed $1,500 from J. W. Dodd, giving his note for that sum, and assigning the two notes of Fisher as collateral security. None of these notes were paid at maturity. Dodd caused a foreclosure of the deed of trust executed by Fisher on the twenty-eighth of November, 1887, and bid in the property at $1,275. Dodd then agreed that Lee might find a purchaser for the land and have the benefit of any excess over the amount due him (Dodd). In pursuance of this contract, Lee induced Ryan and Wilson, as purchasers, to give him a set of three notes of $300 each, and another set of three notes of $500 each, and to execute two deeds of trust on said land, on the same date, one securing each set of notes. Thereupon Lee took the deed of trust covering the three $500 notes to the attorney of Dodd, and delivered said notes to him in part payment of Lee's indebtedness to Dodd, and paid the remainder of such indebtedness in cash. Whereupon the attorney for Dodd directed the trustee in the Fisher deed of trust to make a deed to Ryan and Wilson, and handed said deed and the deed of trust from Ryan and Wilson securing the notes which had been received on Lee's indebtedness to Dodd, to Lee, to be taken to the recorder's office for record. When this transaction occurred Lee concealed

from Dodd and his attorney, that he, Lee, had another deed of trust from Ryan and Wilson.  Lee went to the recorder's office, filed for record the foreclosure deed to Ryan and Wilson, and instead of thereafter recording the trust deed from Ryan and Wilson securing the notes which he had delivered to Dodd, he withheld the same and placed on record the deed of trust from Ryan and Wilson to himself securing the $300 notes. Lee at once procured an abstract of the title to the land, as shown by the record, and with this showing went to Hannibal and sold the three $300 notes to plaintiff, indorsing them, waiving demand, notice and protest,  and stating to the broker who effected the sale, that they represented the unpaid purchase money upon a sale by him. of the land for $2,400, that the balance had been paid in cash.  The abstract was dated two days prior to this transaction.   When asked if anything had been done since the date of the abstract, Lee stated that he was just from Palmyra, and that "the abstract showed everything that was there."   All these statements made by Lee were reported by the broker to plaintiff, whereupon plaintiff purchased the notes and the broker gave his own check to Lee for the sum paid.

This is an attachment suit against Lee as indorser of the notes waiving demand, notice and protest.   The writ was levied upon real estate.   A plea in abatement was filed by Lee.   He having died before trial, the public administrator appeared and filed a plea in abatement.   On the trial of this issue the court excluded plaintiff's offer in evidence of the abstract of the attachment made and acknowledged by the sheriff and filed by the recorder of deeds, and admitted the finding of facts made in this court in the case of *Dodd v. Lee*, 57 Mo. App. 167.   At the conclusion of the evidence the court sustained defendant's demurrer and

directed a verdict in his favor. There was a judgment for plaintiff on the merits. Plaintiff appealed to this court from the judgment on the plea in abatement.

The waiver by Lee of demand, notice and protest of the notes dispensed with all the formalities necessary to charge him as indorser, and bound him unconditionally for their payment. *Bank v. Lowe*, 47 Mo. App. 151. As was adjudicated in the finding of this court when the facts were before it in a former case (57 Mo. App. 167) and as is abundantly shown in the present record, Lee was guilty of positive fraud in effecting the sale of the notes to plaintiff. True, he did not personally see the plaintiff, but the evidence is undisputed that he caused a falsification of the records as to the title to the land mortgaged for these notes, so as to procure an abstract showing title with which to deceive any one to whom he could sell the notes. This abstract, which contained in itself a false representation, he delivered to the broker, accompanying it with his own false representations, as to the amount of purchase money received by him for the land, and as to the state of the title. The abstract was shown to the plaintiff, to whom also the statements made by Lee were fully communicated. Upon this showing and these statements, plaintiff purchased the notes, only requiring Lee's indorsement as aforesaid. In the transaction between plaintiff and Lee the broker was either the agent of one or the other of the parties, or the agent of both. If he was the agent of Lee, the latter was conclusively bound by the false representations which were made by his direction to effect the trade. If he was the agent of plaintiff, then Lee's representations to him were made in legal effect to the principal (plaintiff). If he was the agent of both parties—as by consent a broker may be—then necessarily whatever

ATTACHMENT: sale: fraud: evidence.

was said to him by one, was in the eye of the law a communication to the other. There is therefore no merit in the contention of respondent that the representations made by Lee were not made to plaintiff. It is also idle to argue, under the facts in this case, that plaintiff should have disbelieved the false abstract and false statements shown and reported to him, and made further inquiries. The abstract was fair and perfect on its face and ran the title down to two days before the trade. When questioned as to whether anything had happened in that short interval, Lee answered positively that nothing prejudicial to the title had taken place; that he was just from Palmyra, and that "the abstract showed all that there was there." This positive statement by Lee of a known falsehood, or a thing which he did not know to be true, was a sufficient basis for plaintiff's action, and excused him from further examination of the record. *Pomeroy v. Benton*, 57 Mo. 531; *Wannell v. Kem*, 57 Mo. 478; affirmed in *Cottrill v. Krum*, 100 Mo. 404; *Bailey v. Smock*, 61 Mo. 213; *Goebell v. Troll*, decided at present term. That Lee secured plaintiff's money, making an unconditional promise at the time to repay it, by fraud and falsehood, is shown by all the facts and circumstances in the case.

It is further insisted by respondent that there was no valid levy of the attachment on the real estate, because after the sheriff made out a due and formal abstract of his levy and filed it with the recorder of deeds, the latter entered it of record on some book other than those used for land records. To create a complete levy of a writ of attachment, an abstract thereof must be made and filed with the recorder of deeds, to be by him recorded in the land records. R. S. 1889, sec. 543, paragraph 3; *Bryant v. Duffy*, 128 Mo. 18; *Stanton v.*

LEVY: failure of recorder to properly record: validity.

*Bosschert,* 104 Mo. 393. In the two cases cited the statute on this subject is construed and in each it is held that the officer's levy is invalid, *until* he has filed such abstract with the recorder of deeds in the county where the land is situated. Having done this, *his* duty is discharged. The failure of the recorder to make proper record of the abstract is only material when there are other attaching creditors, or the rights of third parties have intervened. It can not affect the validity of the levy between the plaintiff and the defendant. In the case at bar there are no intervening equities, and the levy made by the sheriff was just as operative against the defendant as if the abstract thereof had been properly recorded after it *was* properly filed with the recorder. The whole purpose of the registration of land titles is for the protection of third persons. It adds nothing to the efficacy of the contract between the immediate parties. · A similar design prompted the enactment of the statute requiring the recording of an abstract of attachment upon real estate. Hence when such a levy is completed in the statutory mode, its operation between the immediate parties is just as effective before as after it is *actually recorded.* The last argument made by respondent in support of the ruling of the trial court is that the cause of action

PLEA must be made, when.

should be revived against the heirs of Lee. If there was any defect of parties, the respondent is not in a position to urge that objection in this court. No such defense was made by the pleadings, and it can not be urged for the first time on appeal. *Frank v. City of St. Louis,* 110 Mo. 516; *Scott-Force Hat Co. v. Hombs,* 127 Mo. 393; *Loan Trust Co. v. Brown,* 59 Mo. App. 461; *Ellingston v. C. & A. R. R.,* 60 Mo. App. 679.

Counsel for respondent insists that this rule does not prevail where the presence of the omitted parties is

necessary to the rendition of any judgment. The answer to this argument is, that there is nothing in this record showing that Lee owned the land at the time of his death. If he did not, of course, there was no necessity for the joinder of his heirs. If he did, then plaintiff will have an opportunity when this cause is remanded to bring in all necessary parties. Our conclusion is that the judgment must be reversed and the cause remanded. Judge BIGGS concurs; Judge BLAND absent.