KANSAS CITY STAINED GLASS WORKS & SIGN COMPANY, Respondent, v. T. O. ROBERTSON, Appellant.

Kansas City Court of Appeals, January 10, 1898.

1. **Attachment:** DEBT FRAUDULENTLY CONTRACTED: ACTION ON SAME. One who takes notes for goods sold may sue on said notes and at the same time maintain an attachment on the ground that the debt sued for was fraudulently contracted.

2. ———: PLEADING: PETITION. In a suit by attachment on notes before the same were due the petition need not allege that the action is by attachment.

*Appeal from the Jackson Circuit Court.*—HON. J. H. SLOVER, Judge.

AFFIRMED.

*Harkless, O'Grady & Crysler* for appellant.

(1)   One who sells goods and takes the purchaser's notes therefor can not sue upon the notes, and at the same time attach on the ground that the debt was fraudulently contracted. *Finley v. Bryson*, 84 Mo. 671; *Jones v. Brown*, 167 Pa. St. 395 (recently decided); *Blackwell v. Fry*, 49 Mo. App. 641; *Emerson v. Steel Co.*, 100 Mich. 127; *Rodermond v. Clark*, 46 N. Y. 354; *Insurance Co. v. Cochran*, 27 Ala. 228.   (2)   The petition did not state a cause of action, but showed upon its face that the action was prematurely brought. R. S., sec. 525, p. 219. The court can look to the petition only for the cause of action. *Vaughn v. Daniels*, 98 Mo. 234; *Bowling v. McFarland*, 38 Mo. 465. The cause of action must be ascertained and determined by the allegations of the petition. *Thrush v. Cameron*, 21 Mo. App. 397.

*L. N. Buck* and *Lathrop, Morrow, Fox & Moore* for respondent.

(1)   If a debt is induced by fraud, the creditor is not bound to rescind the contract under which the debt was made, but may sue upon the debt and attach debtor's property upon the ground of the fraud which induced it. *Finley v. Bryson*, 84 Mo. 664; *Blackwell v. Fry*, 49 Mo. App. 638; *Tootle v. Lysaght*, 65 Mo. App. 139.   Even though the debt is not due by the terms of

the contract. R. S. 1889, sec. 522. (2).¹ It is not necessary to allege in the petition that the suit. is brought by attachment if it appears that the debt is not due. The petition and affidavit will be construed together. R. S. 1889, sec. 2078; *Kritzer v. Smith*, 21 Mo. 296; *Deering v. Collins*, 38 Mo. App. 80.

GILL, J.—This is a suit in attachment wherein. plaintiff had judgment on the plea in abatement as well as on the merits, and defendant appealed.

Plaintiff's claim arose out of a contract it had with defendant to furnish the materials and do the work in
STATEMENT.
decorating a drug store in Kansas City, for which defendant agreed to pay plaintiff $2,700—one half thereof to be paid during the progress of the work and the balance ninety days after the same was finished. The work was completed, the half of the price was paid, but the other half was not, and this suit was brought, based on notes given for said remainder, and also on an account for $111.59 for extras. In aid of the action plaintiff sued out an attachment on the alleged statutory ground that "the debt sued for was fraudulently contracted on the part of the debtor."

The principal assignment of error is thus stated by defendant's counsel: "that the action by attachment on the ground that the debt for which suit is brought was fraudulently contracted on the part of the debtor, can not be sustained, where the plaintiff affirms and sues upon the contract as made."

As indicated to counsel at the oral argument, this strikes us as a rather remarkable proposition. Let us
ATTACHMENT: debt fraudulently contracted: action on same.
consider it in the light of the now conceded facts of this case. By false and fraudulent representations made to plaintiff by defendant in relation to his finan-

cial condition, the plaintiff was induced to sell and deliver to defendant certain valuable property. Plain-tiff did not see proper to rescind the contract and seek to recover the property, but brought this action for the agreed price, and at the same time attached on the ground that the debt sued for was fraudulently con-tracted on the part of the defendant. It seems to be the contention of defendant's counsel that a creditor can not sue for the enforcement of a contract fraudu-lently induced by the defendant debtor, and at the same time sue out and sustain an attachment on the ground that the debtor fraudulently induced plaintiff to enter into the contract. It is claimed that the two things are inconsistent; that by suing on the contract it is affirmed and purged of its fraud, while by attach-ing on the ground stated, the contract is assailed, set aside, and held for naught.

We think there is no merit in the contention. The words of the statute serve as a complete answer to the position taken. It reads that "the plaintiff in any civil action may have an attachment against the prop-erty of the defendant * * * in any one or more of the following cases: * * * . (14) Where the *debt sued for* was fraudulently contracted on the part of the debtor." R. S. 1889, sec. 521. Is it not there plainly intended that the creditor may sue on the contract as made, and at the same time attach for "*the debt sued for*" because the defendant had fraudulently contracted the same? The "debt sued for" or contract alleged in the petition, must be the same debt or contract which the defendant is charged in the affidavit with having fraudulently made. It is true that by suing on the fraudulent contract plaintiff thereby ratifies and affirms the same, but this in no manner estops the plaintiff from grounding an attachment on the defendants' wrongful act. In such cases plaintiff has an option—a

choice of remedies—may rescind the contract and demand back his goods, or may bring an action to enforce the contract, even though the making thereof was induced by the fraudulent conduct of the debtor, and in aid of this suit the plaintiff may attach the defendant's property. Plaintiff may well and consistently say to the defendant: "You fraudulently induced me to sell you the goods, I will now force you to stand by the engagement, will sue you for the purchase price according to the terms of the contract, and will at the same time attach your property, since the *debt sued for* was fraudulently contracted on your part." The cases of *Findley v. Bryson*, 84 Mo. 664, and *Blackwell v. Fry*, 49 Mo. App. 638, cited and relied on by defendant's counsel, are, as we think, directly opposed to their contention.

There can be no doubt as to the sufficiency of the petition. *Kritzer v. Smith*, 21 Mo. 296. Judgment affirmed. All concur.