FERDINAND WESTHEIMER & SONS, Respondent, v. JOHN GILLER, Garnishee, Appellant.

Kansas City Court of Appeals, April 2, 1900.

1. **Garnishment:** ATTACHMENT: ACCESSIBILITY TO SEIZURE. The officer levying an attachment writ should seize personal property if tangible and in view of the officer and subject to manual possession, yet if it is in possession of a third party claiming some right or interest in it he may garnishee such party.

2. ———: POSSESSION: INSTRUCTION. The garnishee will not be released by reason of the fact that after service he turned back the property to the debtor in accordance with the agreement under which he held it.

3. **Trial Practice:** INSTRUCTION: OMITTING ISSUE: EVIDENCE. An instruction should not omit an essential issue in the case and should be justified by the evidence.

Appeal from the Buchanan Circuit Court.—*Hon. A. M. Woodson,* Judge.

AFFIRMED.

*Simmon & Castle* and *Vinton Pike* for appellant.

(1) The court erred in giving instruction number 1 for plaintiff. 1 Am. and Eng. Ency. of Law [2 Ed.], p.

967; Thompson on Trials, secs. 1368-70, and cases cited. (2) The court erred in refusing to give instructions, A, E and F, asked for by garnishee. Kean v. Bartholow, 4 Mo. App. 508, 509; Swallow v. Duncan, 18 Mo. App. 630; Shanklin ex rel. v. Francis, 67 Mo. App. 461; Fletcher v. Wear, 81 Mo. 529; Russell v. Major, 29 Mo. App. 172; Hackett v. Gihl, 63 Mo. App. 453, 454; Sams v. Armstrong, 8 Mo. App. 573; Mangold v. Dooley, 89 Mo. 114; State v. Cornelius, 5 Oregon, 46; Blake v. Hatch, 25 Vt. 555; Lyon v. Rood, 12 Vt. 233; Fitch v. Rogers, 7 Vt. 403. (3) The court erred in refusing to give garnishee's instructions B, C, D, G, H and I.

*Benj. Phillip* for respondents.

(1) Whenever property of the debtor is in the possession of a third person, who has the right of possession or who asserts a claim thereto, it is not "accessible," though it may not be concealed, and though the officer might manually seize it. Burlingame v. Bell, 16 Mass. 318; McGarry v. Coal Co., 93 Mo. 237; 8 Am. and Eng. Ency. of Law [1 Ed.], 1156, 1157; Tiedeman on Sales [1 Ed.], sec. 200, p. 298, and cases cited; R. S. 1835, p. 76, sec. 6. (2) Appellant's instructions were properly refused for the further reason that the issue which each of them submitted to the jury was not raised by the pleadings. Wright v. Fonda, 44 Mo. App. 634; Stones v. Richmond, 21 Mo. App. 17; Melvin v. Railway, 89 Mo. 106; Woods v. Campbell, 110 Mo. 572; Matson v. Frazer, 48 Mo. App. 303, loc. cit. 312; Royer v. Fleming, 58 Mo. 438; Weil v. Posten, 77 Mo. 284; Bank v. Doak, 75 Mo. App. 332; Smith v. Simpson, 80 Mo. 634; Fulkerson v. Davenport, 70 Mo. 541; Peery v. Harper, 42 Mo. 131. (3) The court did not err in refusing instructions B and G. Neither is supported by the evidence.

ELLISON, J.—Plaintiff brought an action against John Hauber with an attachment in aid. The attachment

was sustained.   This appellant is a garnishee under the writ, and he denied having any property of Hauber's in his possession or under his control.   The judgment in the circuit court was against him.

The property consisted of goods, wares and merchandise in a saloon of which Hauber was the proprietor.   Hauber owed both the plaintiff and this garnishee, as well as other creditors.   He and the garnishee made an agreement whereby Hauber was to turn over the saloon and its property to the garnishee in payment of the garnishee's claim and in consideration that the garnishee would pay other creditors, including plaintiff.   The agreement was conditioned on Hauber being able to get a mortgage released which was then a lien on the property.   While Hauber was absent in Kansas endeavoring to get the mortgage released the attachment writ was levied by garnishment.

There is a controversy between the parties as to the possession of the goods while Hauber was absent and when the garnishment was had.   It is agreed they were left in possession of a son of the garnishee who ran the establishment. But plaintiff contends that he was the agent of the garnishee while the latter insists he was the agent of Hauber and that therefore Hauber, and not the garnishee, was in possession. This question was submitted to a jury and the verdict was in favor of plaintiff's view.

But the garnishee makes the point (the principal one in the case) that since the goods were in plain view in the saloon and could readily be seized and taken into the possession of the sheriff, they should have been seized and a garnishment was illegal under the terms of subdivision 4 of section 543 of the Revised Statutes of 1889, reading as follows: "When goods and chattels, money or evidences of debt are to be attached, the officer shall take the same, and keep them in his custody, if accessible; and if not accessible, he shall de-

clare to the person in possession thereof, that he attaches the same in his hands, and summon such person as garnishee."

Many authorities are cited by counsel showing that when personal property is accessible it is the duty of the officer to take it into possession and not attempt the garnishment process. But appellant had these goods in possession under a conditional agreement giving him an interest in them. Therefore the question here is, were these goods accessible within the meaning of that word, as it is used in the statute just quoted? In Massachusetts the words of the statute appear to have been that garnishment could only be resorted to when the goods "could not be come at to be attached." It was contended that under this provision, property could not be reached by garnishment when it was subject to manual seizure. But the court in Burlingame v. Bell, 16 Mass. 318, said:

"Counsel for the defendant have insisted that plaintiffs' process is not available against the attachment, although prior in point of time; because the goods were not so deposited with Nutting that they could not be come at to be attached by the ordinary process of law, which is the only case in which the trustee process can be resorted to. And if we are to be confined to the literal effect of the words of the statute they would be right in their argument. But we think such a close construction not justifiable. Goods and chattels may be so placed in the hands of another, as to be physically within the reach of an officer to attach, and yet there may be difficulties in the way of attaching them which a creditor may wish to avoid. If they be pledged, for instance, to secure a debt of less value; or if they be assigned with the power to sell, the trustee to appropriate the proceeds to the payment of debts and to pay the surplus to the debtor, they can not, within the meaning of the statute, be come at to be attached, for the depositary would have a right to recover possession and thus the

attachment would be fruitless.    And in the case of a fraudulent transfer to defeat or delay creditors, although if the goods are not in fact concealed, they may be attached; yet it may happen at one time that they will be so exposed that they may be attached and at another that they will be kept out of sight, and if taken by the officer they will probably be replevied and so the creditor may be subjected to the expense and trouble of two suits.    These are cases proper for the trustee process and within the intention of the legislature."

We consider this construction of the statute to be recognized in McGarry v. Lewis Coal Co., 93 Mo. 240.    So, therefore, we hold that notwithstanding personal property may be tangible and in the view of the officer and subject to manual possession, yet if it is in the possession of a third party claiming some right or interest in it, it is not so accessible in the sense of the statute as to prevent a legal garnishment.    Though it does not follow in such case that an attachment by actual seizure would be illegal.    The execution of the writ in either way would be valid.

The foregoing practically disposes of the case.    The instructions given for either party submitted the question as to who was in possession, that is to say, whose agent was the garnishee's son, and the jury found in favor of plaintiff's contention.    There were several instructions offered by appellant and refused.    Instruction "I" was based upon the idea that though appellant took possession of the saloon under the agreement with Hauber above referred to, yet since the agreement was nullified by the failure to secure a release of the mortgage, the appellant had a right to turn back the possession to Hauber.    This was properly refused for the reason that while appellant still had the possession the sheriff garnished him.    Instruction "C" was properly refused for omitting the hypothesis of David Giller being appellant's agent. If he was appellant's agent then, as has just been said, he

could not avoid the garnishment by turning back the property to Hauber. Instruction "B" was not justified by the evidence. The evidence shows that the agreement was conditional on obtaining a release of the mortgage.

Under the view we have taken of the case it is unnecessary to further notice the instructions. We are satisfied with the disposition made of them by the court and the judgment will be affirmed. *Smith, P. J.*, concurs. *Gill, J.*, absent.