ALEXANDER, Respondent, v. WADE, Appellant.

St. Louis Court of Appeals, May 20, 1904.

1. PRACTICE: Attachment: Motion for New Trial. Where the losing party in a suit by attachment, fails to file a motion for new trial after verdict upon the plea in abatement, the appellate court can not review that branch of the case, although a motion for new trial was filed at the conclusion of the trial on the merits.

2. ———: ———: Separate Bills of Exceptions. Under section 407, Revised Statutes of 1899, it is proper to preserve exceptions in an attachment suit in two separate bills, one in the trial of the plea in abatement and the other in the trial on the merits.

3. ———: ———: Debt Fraudulently Contracted. Where plaintiff traded a stock of goods to defendant for a tract of land in a distant county, to which defendant had no title, but presented a forged abstract purporting to show good title in himself, and plaintiff sued for the value of the goods, he could maintain attachment on the ground that the debt sued for was fraudulently contracted.

Appeal from Montgomery Circuit Court.—*Hon. E. M. Hughes*, Judge.

AFFIRMED.

*Warner Lewis, John M. Barker* and *A. W. Lafferty* for appellant.

(1) There was no debt contracted for on the part of the defendant, for it was a complete and executed

contract and nothing left to be performed by either party, and there being no intent to defraud on the part of Wade shown, an attachment did not lie under the fourteenth subdivision of the attachment act. R. S. 1899, sec. 336; Finley v. Bryson, 84 Mo. 664; Wallen v. Railroad, 74 Mo. 521; Ederlin v. Judge, 36 Mo. 350; Hoagland v. Railroad, 39 Mo. 451; McDonald v. Forsyth, 13. Mo. 541; Riles, Wilson & Co. v. Shelly Mfg. Co., 93 Mo. App. 178. (2) The plaintiff says that the defendant told him he had a good title to the land. That was a mere matter of opinion and does not constitute a guaranty or warranty, neither will it furnish a basis for an action for deceit nor a suit of any kind. McBeth v. Craddock, 28 Mo. App. 392; Anderson v. McPike, 86. Mo. 293; Hermann v. Hall, 140 Mo. 270.

*P. H. Cullen* and *J. D. Barnett* for respondent.

(1) The defendant has filed two separate bills of exceptions and failed to incorporate the first bill in the second or final bill. Hence the second bill can not be considered because the jurisdiction of the court was exhausted when the first bill was signed, and the first bill containing no motion for new trial there is nothing open to review. Atchison v. Railway, 94 Mo. App. 572; Goldsmith v. St. Louis Candy Co., 85 Mo. App. 595; Smith v. Baer, 166 Mo. 401. (2) The trial on the plea in abatement can not be reviewed because the defendant failed to file any separate motion for a new trial on that issue as required by statute. As a matter of fact no motion for a new trial was filed on that issue and none is incorporated in the bill of exceptions filed on that issue. R. S. 1899, sec. 407; Steele v. Steele, 85 Mo. App. 224; Lilly v. Menke, 92 Mo. App. 356. (3) It is settled law in this State that when a person has been induced by fraud to accept a contract he is not bound to rescind it in order to recover for the fraud. He may stand by it and sue upon it as the plaintiff did in this case. Jarret.

v. Morton, 44 Mo. 275; Parker v. Marquis, 64 Mo. 38; Shumabarger v. Shelton, 41 Mo. App. 147; McCuin v. Frazier, 38 Mo. App. 66. (4) It is also settled that in such an action the plaintiff may maintain an attachment on the ground that the debt sued for was fraudulently contracted. Glass Works v. Robertson, 73 Mo. App. 156; Finley v. Bryson, 84 Mo. 664; Blackwell v. Fry, 49 Mo. App. 638; Houghland v. Dent, 52 Mo. App. 241; Cale Mfg. Co. v. Jenkins, 47 Mo. App. 664; Warner v. Kade, 15 Mo. App. 600; Bank v. Rosenfield, 66 Wis. 292; Rosenthal v. Wehe, 58 Wis. 621. When defendant asserted he had a good title and in support of that assertion exhibited a false and forged abstract which showed a good title, plaintiff was not guilty of negligence in failing to go to Christian county and verify the abstract and the truth or falsity of defendant's statements. He had a right to rely on the statements and representations of defendant under the circumstances. Cottrell v. Krum, 100 Mo. 367; Richards v. Lee's Admr., 71 Mo. App. 230; House v. Marshall, 18 Mo. 368; Waunell v. Kem, 57 Mo. 478; Dunn v. White, 63 Mo. 181; Caldwell v. Huny, 76 Mo. 254; Arthur v. Wheeler Mfg. Co., 12 Mo. App. 335; Ency. of Law (2 Ed.), pp. 120 to 122; Och v. Railroad, 30 Mo. 71; Whitney v. Allairs, 1 N. Y. 305; Wardell v. Fosdich, 13 Johns. (N. Y.) 325; Monell v. Weeler, 13 Johns. (N. Y.) 395.

REYBURN, J.—In September, 1902, plaintiff sold and delivered a stock of groceries to defendant; as payment for these goods, defendant agreed to convey land in Christian county, Missouri, described in a deed in his possession, assuming to be executed by one Joseph Ward, with the place of the name of the grantee therein left blank, and to be filled up subsequently. The testimony tended to show that defendant stated to plaintiff, that the title to the land was good, and he exhibited to him an abstract of title in reply to inquiry therefor, purporting to show that the grantor, Ward, had a per-

fect title to the land, free and clear of liens. That Ward had not then, and never had, title to the land, but that it was owned by and in possession of persons other than Ward, and that the accompanying abstract was fraudulent, were facts proved by plaintiff, without refutation or contradiction attempted by defendant. The barter was completed by delivery of the abstract and deed to plaintiff and of the merchandise to the defendant. When plaintiff went to Christian county to examine the property, he discovered the fraud, and after demand upon and refusal by defendant to make payment for the goods, this action was brought in two counts: the first count contained allegations, that in December, 1902, plaintiff had traded defendant a stock of groceries at an agreed price of one thousand dollars to be paid for in land in Christian county, Missouri, which defendant had failed and refused to do, and judgment for such amount, the value of the goods, was asked. The second count contained averments that plaintiff had sold and delivered to defendant a stock of goods or merchandise at an agreed price of one thousand dollars, which defendant was to pay for in land or money, and had failed or refused to do and judgment for the same sum was asked. In aid of his petition plaintiff sued out an attachment, the affidavit for which contained various grounds for its issuance, but was confined at the trial to the sole ground, that the debt sued for was fraudulently contracted on the part of the debtor.

Defendant in his plea in abatement, denied, specifically and generally, all the grounds of attachment set forth by plaintiff's affidavit, and a trial by jury was had resulting in a verdict for plaintiff, sustaining the attachment upon the ground stated. Forthwith defendant filed an answer to the merits, denying the allegations of the petition and affirmatively charging that "in the fall of 1902, plaintiff had traded defendant a stock of damaged goods, worth not over one hundred dollars, for the title papers to a section of land in Christian

county, Missouri, executed by one Joseph Ward, of the State of Colorado, with the name of the grantee left blank in the conveyance; that the plaintiff had accepted said title papers in full satisfaction for said stock of goods, without any warranty or guaranty from defendant; that the goods and title papers had all been delivered and said contract had been fully performed and executed;" and a general denial in the reply completed the issues. The parties then proceeded to a trial upon the merits before the same jury, and upon testimony, practically a repetition of that introduced upon the plea in abatement, the jury found for plaintiff.

Defendant filed, thereupon, a single motion to set aside the verdict and judgment on the plea in abatement and on the merits, manifestly designed to perform joint service for both trials and entitled as such motion for both, which was overruled, and defendant filed two disconnected bills of exceptions, one for each trial. Obviously appellant could not embody an exception to the overruling of his single motion for a new trial in both bills of exceptions; nor could he incorporate an exception to the overruling of his motion for a new trial on the plea in abatement in his bills of exceptions filed in the trial on the merits. The bill of exceptions filed on trial in abatement shows no ruling on motion for a new trial on that plea, and consequently no exception saved to such ruling, yet clearly that was the appropriate and only place to save such exception.

Under the statutory provisions, the plea in abatement put in issue merely the truth of the facts contained in the affidavit upon which the attachment was sued out (R. S. 1899, sec. 406); and upon trial had on this sole issue, after new trial had been denied, judgment should have been rendered against defendant sustaining the attachment; defendant then was entitled to file his bill of exceptions as upon any other matter in the proceedings, and answer to the merits, without waiving the exceptions saved to the trial upon the plea in abatement,

and after trial upon the merits, defendant had the right to appeal the whole case, the statute further providing, that such appeal should be taken and perfected as in ordinary civil actions. R. S. 1899, sec. 407. Defendant appealed the whole case; but as he filed no motion for new trial after verdict upon the plea in abatement as required by the statute (R. S. 1899, sec. 407), any errors intervening at the trial of that department of the case are precluded from review; as defendant filed timely motion for new trial after the hearing upon the merits, he is entitled to consideration of that branch of the proceeding unless the bill of exceptions be invalid. The objection pressed against the form in which the exceptions are preserved, is that they are comprehended in two separate bills, the one filed in the attachment branch and the other bill in the remaining portion of the action upon the merits; such course of procedure would appear not merely to be tolerated by, but in strict conformity to the statutory provision, section 407, supra. The suit exacted two separate trials of the issues on the attachment and upon the merits, in practical contemplation akin to two distinct suits, and to be considered separately by the appellate court in event of the due appeal of the divergent branches, as the proof introduced upon the hearing of one portion of the case, the attachment, did not relate to the trial of the issues involved in the other, unless reproduced in the latter, and the necessity for distinct bills of exceptions to obviate confusion of the evidence presented and the course of proceeding at the separate trials of the respective issues is made manifest.

The language of the attachment statute is ample to entitle plaintiff to maintain an attachment on the ground that the debt sued for was fraudulently contracted; it accords a plaintiff the right to an attachment writ against the property of a defendant in any of the enumerated instances, embodying as the final ground the comprehensive cause of the debt sued for being fraudulently

contracted on the part of the defendant. The production and exhibition of the false and forged examination of title purporting to evidence a good title, without qualification or reservation as to its title, was tantamount to the most conclusive statement by defendant that the title was perfect; the plaintiff was wholly in ignorance and had a right to rely on such representations of the defendant, and did believe them to be true, or he would not have executed the bill of sale and delivered the stock of merchandise to defendant. There was testimony by plaintiff tending to establish and the jury found, that defendant had distinctly stated that the title to the land was good; when such assertions were made on part of defendant supported by the title certificate, plaintiff was warranted in relying upon them and is not to be imputed with want of due care and prudence in failing to investigate and verify the statements of defendant and establish the truth or expose the falsity of such representations. By reliance of plaintiff on the false acts and manifestations of the defendant, the former yielded his assent to the contract upon the faith of them and the fraudulent contracting of the indebtedness ensued. Finley v. Bryson, 84 Mo. 664. These principles find abundant support in numerous authorities in this State, notably the following: Richards v. Lee's Admr., 71 Mo. App. 224; Cottrell v. Krum, 100 Mo. 397; Glass, etc., Co. v. Robertson, 73 Mo. App. 154. The case of Littlejohn v. Jacobs, from another jurisdiction, in doctrine and defense interposed, is apt and strongly analogous. 66 Wis. 600.

Some exception is taken to the instructions, but they were in general warranted by the testimony and substantially correct declarations of the law.

The judgment was obviously for the right party and is affirmed. *Bland, P. J.,* and *Goode, J.,* concur.