Theodore MENGWASSER (Plaintiff), Appellant,

v.

Forrest Stanley TACKITT and Mary B. Tackitt (Defendants), Respondents.

Nos. 29101, 29170.

St. Louis Court of Appeals.

Missouri.

June 14, 1955.

434

Mosby & Mosby, Linn, for appellant.

William A. Seibel, Jefferson City, for respondents.

MATTHES, Judge.

Plaintiff appealed from the judgment of the Circuit Court of Osage County dismissing plaintiff's cause of action for failure to prosecute. In this court that case bears No. 29,101. He also appealed from the judgment of the same court dissolving or abating the attachment proceeding ancillary to the principal suit. This case carries No. 29,170 in this court. Both appeals were taken in the same case involving identical parties, and therefore we shall dispose of the issues presented by the two appeals in one opinion.

The appeals climaxed rather unusual proceedings in the trial court as demonstrated by these facts.

Plaintiff filed a suit in the Magistrate Court of Osage County seeking to recover judgment from the defendants on a promissory note. In aid of that action an affidavit was executed and filed as the basis for an attachment. A statutory bond was furnished and thereupon writ of attachment was issued. In addition an ordinary summons was issued by the magistrate commanding the Sheriff of Osage County to summon the defendants to appear in said court. Personal service was obtained upon defendant Mary B. Tackitt as shown by return of the sheriff, but no schedule of property and effects attached was filed. Endorsed upon the return were the items of expense incurred in serving process, which included guard $4, moving $10.

Attached to the writ of attachment was a registry return receipt of the United States Post Office Department and return showing defendant Forrest Stanley Tackitt received from the Postmaster registered article No. 623, on June 25, 1953, at Sault Sainte Marie, Michigan, Canal Station. The return date of the summons was July 2, 1953. Prior thereto and on June 25th, defendant Mary B. Tackitt filed her verified motion to quash and dissolve the writ of attachment, and also her answer to the suit on the note. The case reached the circuit court, though the record is silent as to procedure followed to vest that court with jurisdiction. In the circuit court, Forrest Stanley Tackitt appeared generally, filed his motion to quash and dissolve the attachment, putting in issue the grounds for attachment as contained in the affidavit therefor. Thereafter the defendants filed their joint amended answer to plaintiff's petition.

When the case came on for trial the learned judge properly ruled that the validity of the attachment raised by the motions to dissolve should be tried first and separate from the issues in the principal suit. The court, however, denied plain-

tiff's request for a jury trial of the attachment issue and the evidence concerning that matter was heard by the judge. During the trial of the motion to dissolve, the attention of plaintiff's counsel was directed to the return of the sheriff which failed to schedule the property and effects attached. No effort was made to amend the return, however there was evidence presented in detail establishing that the sheriff had seized, and taken possession of, certain personalty belonging to the defendants, and retained possession thereof at the time of the hearing.

Immediately following completion of the hearing on the motion the following transpired:

"By the Court: The attachment will be dissolved.

"By Mr. J. H. Mosby: We except to the ruling of the Court.

"By the Court: Call in the Jury, Mr. Sheriff.

"By the Court: Cause No. 8457 Mengwasser v. Tackitt, is the Plaintiff ready?

"By Mr. J. H. Mosby: We do not desire to proceed further, Your Honor.

"By Mr. Seibel: Your Honor, I wish to move that the case be dismissed for the want of prosecution.

"By the Court: On statement of the plaintiff that he does not desire to proceed any further in this case, the case will be dismissed for failure to prosecute. Cause No. 8457, plaintiff's petition dismissed for failure to prosecute."

The trial upon motion to dissolve took place on February 18, 1954, and following the proceedings hereinabove set out, and on the same day, the court rendered judgment dissolving the attachment, and in the same judgment dismissed plaintiff's suit for failure to prosecute. In due time plaintiff filed two motions for new trial, one directed to the judgment dissolving the attachment, and the other to the judgmen dismissing plaintiff's suit on the note. Within ninety days thereafter the following order was made and entered by the court with respect to the motion for new trial from the judgment dissolving the attachment:

"Motion for new trial sustained upon ground that Court denied plaintiff a hearing by a jury on the matter of dissolving the attachment. Attachment proceeding dismissed for lack of jurisdiction."

On the 19th of May, motion for new trial from judgment dismissing suit on the merits was overruled by statutory lapse of time, and three days thereafter plaintiff filed notice of appeal to this court. Following dismissal of the attachment proceeding for "lack of jurisdiction", and in proper time, plaintiff filed notice of appeal from judgment dismissing attachment action.

It should also be observed that on January 24, 1955, and after both appeals had reached this court, plaintiff caused to be filed in this court a document styled "Sheriff's Amended Return and Schedule of Property Attached".

Defendants, as respondents, have failed to file brief in this court, but did file two motions. One, styled "motion to dismiss appeal", was filed in both cases, the other, "Motion by respondents to strike appeal", in case No. 29,101. In the former, dismissal of appeal is requested upon the grounds that (1) plaintiff violated Supreme Court Rule 1.08 in that his brief does not contain a fair and concise statement of the facts; (2) plaintiff "failed to comply with the provisions of Section 521.680, R. S.Mo., to vest the magistrate with authority to direct service of Summons by Registered Mail"; (3) the return of the sheriff upon summons and writ was insufficient and should have been amended in trial court; and (4) the "Attachment issues are now Moot" because the sheriff has returned to the defendants all property previously attached.

We find the statement in brief is not subject to the attack made thereon and rule that point against defendants. There is no merit in point (2) because the defendant Forrest Stanley Tackitt who was served by mail, without limiting his appearance filed motion to dissolve attachment, and answer, appeared in court and at no time questioned the service or jurisdiction of the court. As to point (3), the sheriff's return as hereinabove set out was insufficient and no effort was made to amend same in the trial court, however for reasons hereinafter stated, the appeal should not be dismissed. Point (4) of said motion is also without merit. In so ruling we observe that the trial court possessed jurisdiction of the parties and, although return of sheriff upon writ of attachment was insufficient to confer jurisdiction, the court in fact did possess jurisdiction of the subject matter, therefore the act of the sheriff in releasing the property would not render the attachment issue a moot question. Quite obviously the plaintiff could be subject to liability under the attachment bond he furnished if the property of defendants was wrongfully attached, and he is entitled to a determination of the points raised in this court, one of which bears directly upon the validity of the attachment proceedings. We know of no rule of law which would permit the officer in a case of this kind to render the issues moot by returning the property attached; particularly is that true when there is no showing that the plaintiff authorized or consented to the return thereof.

In the motion to "strike appeal" the rather novel point is made that, because the trial court sustained plaintiff's motion for new trial in the proceeding dealing solely with the validity of the attachment, the court "thereby reinstated plaintiff's case in full requiring a trial de novo and a ruling on the second motion for new trial would have been mere surplusage". No authority is cited by defendants in support of that contention. Section 510.150, RSMo 1949, V.A.M.S., provides:

"A dismissal with prejudice operates as an adjudication upon the merits. Any voluntary dismissal other than one which the party is entitled to take without prejudice, and any involuntary dismissal other than one for lack of jurisdiction or for improper venue shall be with prejudice unless the court in its order for dismissal shall otherwise specify."

In light of the plain terms of said statute, it would appear that the judgment of dismissal for failure to prosecute, rendered by the court on February 18th, constituted a final judgment from which plaintiff had the right to appeal. That being true, the action of the court in sustaining plaintiff's motion for new trial in the proceeding dealing with the validity of the attachment could not reinstate plaintiff's suit on the merits.

This brings us to the real issues here presented. We have a twofold matter for decision, (1) did the trial court err in rendering judgment dismissing the main or principal suit for want of prosecution, and (2) was error repeated when the court, after sustaining plaintiff's motion for new trial relating to the attachment issue, dissolved said attachment "for lack of jurisdiction"?

We shall dispose of these in order.

It is clearly contemplated by the statute, Section 521.420 RSMo 1949, V.A.M.S., that when a writ of attachment is issued in aid of a cause of action and the grounds for attachment are put in issue by proper motion or plea, there shall be two distinct and separate trials. The first shall dispose of the attachment proceeding, the second, the suit on the merits. While pleas in abatement and bills of exceptions referred to in said section have been abolished, Supreme Court Rule 3.02(b), 42 V.A.M.S., it does not follow that a defendant is deprived of attacking the grounds for attachment. Section 509.290 RSMo 1949, V.A.M.S., is comprehensive, and permits a litigant to raise by motion the ten enum-

erated objections "and other matters" whether or not the same may appear from the pleadings and other papers filed in the cause. This statute is ample authority to put in issue by motion the truth of the allegations of the affidavit for attachment. In this case the verified motions to dissolve the attachment filed by defendants were properly treated by the parties and trial judge as putting in issue the truth of the grounds for attachment relied upon in the affidavit therefor.

 Nor did the abolishing of pleas in abatement and bills of exceptions have the effect of changing the procedural steps outlined and contemplated by Section 521.-420. And the provisions of said section were not modified or supplanted by the adoption of "The Civil Code of Missouri". Indeed, Supreme Court Rule 3.02(c) specifically provides "special civil procedure statutes, not a part of the 'Civil Code' * * *, which state a particular manner or time within which a procedural act shall be performed, shall not be deemed supplanted by corresponding provisions of the Civil Code, *but the provisions of the special procedural statute shall be followed*, * * *." (Emphasis ours.)

 Section 521.420 is a special procedural statute and contemplates the steps in the trial of the two separate issues are to take place in the following chronological order: (1) a trial of the issues in the attachment proceeding; (2) if upon such trial the issues be found for defendant, plaintiff has the right to file motion for new trial; (3) if court denies plaintiff a new trial of such issue, the court shall thereupon render judgment that the attachment be abated at cost of plaintiff and his sureties; (4) thereupon the cause shall proceed to trial upon the merits; (5) a judgment following trial upon the merits. Geopfert v. Page, Mo.App., 24 S.W.2d 699; In re Fields' Estate, 222 Mo.App. 1051, 6 S.W.2d 68; Schafer v. Roberts, 166 Mo. App. 68, loc. cit. 76, 77, 148 S.W. 393; Alexander v. Wade, 107 Mo.App. 321, 80 S.W. 917.

In the Schafer case the court said, 166 Mo.App. loc. cit. 76 and 77, 148 S.W. loc. cit. 395:

"As has been noted, the statute seems to provide. for two judgments: one on the plea in abatement, one on the judgment. But it gives a right of appeal only after there has been judgment both on the plea in abatement and on the merits. When providing for an appeal on. the part of plaintiff, he is allowed to appeal either from the finding on the plea in abatement, or on the merits, or on both. Whereas the defendant, upon trial of the case upon the merits, may appeal, 'if at all, on the whole case.'"

The Springfield Court of Appeals, in the Geopfert case, in a well-reasoned opinion said, 24 S.W.2d loc. cit. 701:

"The record in this case seems to indicate that no attempt was made to follow the procedure prescribed by section 1766, RSMo 1919, in relation to the orderly conduct of suits by attachment. The record shows that the plea in abatement was overruled, but no motion for new trial was filed in relation thereto, and no judgment was at the time entered sustaining the attachment, as contemplated by said section 1766. * * *

"It appears that there was a separate trial of the plea in abatement, based upon testimony adduced in support of plaintiff's motion to amend the sheriff's return, but there was only one judgment. This judgment was rendered after the verdict of the jury on the merits, and by it the court sustained the attachment, and also found for plaintiff on the merits. This was irregular, because the statute provides for *two judgments, one on the plea in abatement and one on the merits.* * * *" (Emphasis ours.)

 Considering the statute, Section 521.420, as construed by the courts in the cited cases, following the decision of

the court to dissolve attachment, plaintiff had statutory period of ten days in which to file a motion for new trial. After denying a new trial, the court should then have rendered judgment that the attachment be abated at the cost of plaintiff, and his sureties, and thereupon was authorized to proceed with the trial upon the merits. If plaintiff's motion for new trial was sustained, as it was in this case, and if jurisdiction of the subject matter existed, there should have been another trial upon the motion to dissolve prior to further proceedings.

It is quite obvious that the chronological procedure contemplated by the statute was ignored, by reason of which the trial court improperly dismissed plaintiff's principal suit for failure to prosecute.

### Appeal from Judgment Dismissing Attachment

In dismissing the ancillary attachment action, the trial judge did not indicate the reason compelling him to conclude that the trial court lacked jurisdiction thereof. Plaintiff has briefed the point on the theory that the court entertained the opinion that there was no jurisdiction because the return upon the process issued in the proceeding failed to disclose jurisdiction had been conferred as to the subject matter. Plaintiff's position seems tenable in view of the record which discloses that during the hearing upon motion to dissolve the attachment, the judge stated, referring to sheriff's return: "* * * I cannot find anything attached * * *".

It is quite apparent that the return filed by the sheriff failed to comply with the requirements of the statute imposing upon the officer executing the writ of attachment the duty to return with the writ a schedule of all property and effects seized by him. Section 521.180 RSMo 1949, V.A.M.S. And if we had nothing before us but the insufficient return, we would have no hesitancy in affirming the action of the court in holding jurisdiction of the attachment proceeding was lacking. Obviously, absent other facts, we would be required to look to the record as made by the sheriff in returning the process to determine whether he did in fact comply with another section of the statute, Section 521.170 RSMo 1949, V.A.M.S., in serving the writ of attachment. In the interest of justice, however, we should ascertain whether jurisdiction was in reality and fact conferred upon the magistrate court, and in turn upon the circuit court. That is, did the sheriff take the steps required by law in serving the process issued by virtue of the statutory affidavit and bond filed prior to the issuance of the writ of attachment? If he did, jurisdiction of the subject matter was acquired by the court. If not, there was no jurisdiction. It has been held in line with the plain and unambiguous provisions of Section 521.170, subsection (4), that when the personal property attached is accessible, the officer must actually seize and take possession thereof and keep same in his custody. Shanklin ex rel. Wetzler v. Francis, 67 Mo.App. 457; Norton v. Thiebes Stierling Music Co. (Heinrichs), 82 Mo.App. 216; Westheimer & Sons v. Giller, 84 Mo.App. 122.

Examination of the record reveals that following disclosure by the trial judge of the sheriff's defective return, the defendant Forrest Stanley Tackitt was permitted to, and did, testify that certain personal property belonging to both defendants had in fact been seized by the sheriff under the writ of attachment, and testified further that said officer had control and possession of the property so taken by him at the time of the hearing. There was no issue of any kind made in the trial court with respect to the procedure actually followed by the officer in serving the writ of attachment. Thus, we have a case of the officer actually following the procedure required by the law as a prerequisite to conferring jurisdiction upon the court, but failing to properly record his actions upon the return.

The rule is also well established that the return in cases involving attachment of property, including garnishment in aid of attachment, may be amend-

ed to show jurisdiction, if it in fact exists. In 7 C.J.S., Attachment, § 250, page 425, it is said:

"In other words, amendments in the return can be allowed only where all the steps to be pursued have been taken, but some error in detailing them has supervened, and amendment will be denied where the steps essential to a valid attachment have not been taken so that the proposed amendment would not make the return accord with the actual facts."

See, also, Godman v. Gordon, 61 Mo.App. 685; Cassidy Bros. Commission Co. v. Estep, 63 Mo.App. 540; Gregor Grocer Co. v. Carlson, 67 Mo.App. 179, loc. cit. 184; Kurre v. American Indemnity Co., 223 Mo.App. 406, 17 S.W.2d .685, loc. cit. 687, 688. Although no effort was made to correct the situation in the lower court, after the attachment proceeding reached this court, and on January 24, 1955, plaintiff caused a document styled "Sheriff's Amended Return, and Schedule of Property Attached", designated as an exhibit to be lodged in the office of the clerk of this court. No written application was filed or presented requesting the amendment to be allowed in this court. We are cognizant of the holding that an amendment of a return in cases presenting issues of the nature under consideration may be allowed by the appellate court. Gregor Grocer Co. v. Carlson, and Kurre v. American Indemnity Co., supra. We observe, further, however, that in the Gregor Grocer Co. case, after announcing the rule, the Kansas City Court of Appeals refused to allow the amendment in that court.

 Upon careful consideration of the unusual proceedings in this case, we are not disposed to permit the amendment of the sheriff's return in this court. The practice of making the request, for the first time in the appellate court, as plaintiff is doing in the instant case, is not to be encouraged, especially is that true when the party who should be concerned with the regularity of the proceedings completely ignores the suggestion of the court with respect to the failure of the return to contain the recitals necessary to show jurisdiction.

 Nevertheless, we do not feel that the action of the trial court in dismissing the attachment arm of the case for "lack of jurisdiction" should be affirmed. This is so because in reality and fact the court had jurisdiction of the property as well as of the persons. We have concluded that the proceeding involving the attachment of the property should be remanded in order that the trial court may have the opportunity to pass upon proper application to amend the sheriff's return to actually show the steps and procedure followed by the officer in executing the writ of attachment. If the sheriff has returned all property seized by him to the defendants as shown by motion to dismiss appeal filed in this court on February 7, 1955, the officer may desire to recite that fact in his return. At any rate, the various questions posed as the result of the complicated proceedings should be submitted to, and acted upon, by the trial judge, who is in a more advantageous position to determine the course that should be pursued to the end that justice is served.

Inasmuch as we have found that (1) the trial court improperly dismissed the suit in which plaintiff sought judgment on the note, and (2) the trial court improperly dissolved the attachment after properly granting plaintiff a new trial because he had been denied a jury trial, the case is reversed and remanded. If the court, upon proper application, permits the amendment of the sheriff's return to conform to that which was actually done with respect to the attachment proceeding, and if there is another trial of both the ancillary proceeding and the suit upon the merits, the proceeding should be in accordance with the views herein expressed.

WM. R. COLLINSON and DOUGLAS L. C. JONES, Special Judges, concur.